### PEOPLE v. FRIEDLAND

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

1. CRIMINAL LAW—GOOD CHARACTER.
Evidence of good character must be considered as bearing directly on the question of the guilt or innocence of the accused, whether the evidence against him be direct or circumstantial, and not merely as corroborative of testimony given by him, or explanatory of criminating circumstances in evidence against him.

2. SAME—REASONABLE DOUBT.
A reasonable doubt is one which arises from the evidence and its character, or from the absence of satisfactory evidence, and is such a doubt as a reasonable man has a right to entertain after a fair review and consideration of all the evidence.

Appeal from court of general sessions, New York county.

Abraham S. Friedland was convicted of the crime of receiving stolen goods, knowing them to have been stolen, and appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Louis J. Vorhaus, for appellant.
John D. Lindsay, for respondent.

RUMSEY, J. While there was direct evidence against the defendant of many of the facts necessary to convict of the crime of which he stood accused, yet there was no direct evidence of the guilty knowledge with which he received the goods, and which was an essential element of the crime. That fact was sought to be proved by several circumstances from which it was claimed that the jury must infer that he received the goods knowing that they had been stolen. To these circumstances the defendant interposed his own denial of the guilty knowledge, some slight explanation of the circumstances, and testimony from the mouths of several witnesses of his good character. The court, in submitting the case to the jury, charged that they might consider the testimony of the defendant, and the evidence that he had introduced as to his good character. The court then proceeded as follows:

"While evidence of good character is always admissible, it is not a defense to crime. It is not an excuse or a justification before a jury for the commission of any criminal act. If you should be satisfied beyond a reasonable

doubt that this defendant purchased these brushes with a guilty knowledge of their origin, then I charge you that his previous good character would be no excuse, no justification, no defense. Evidence of good character goes before a jury as a fact in the case, to be considered as all other facts are to be considered; and it is when a jury gets into that frame of: mind, legitimately produced from conflicting evidence, when a reasonable doubt may arise on the evidence as to the guilt of the defendant, that evidence of good character sometimes may create a reasonable doubt."

To this portion of the charge the defendant excepted, and this exception is mainly relied upon as the error for which a reversal is asked in this case.

In all indictments the defendant is at liberty to produce positive testimony as to his good character to strengthen the presumption which always exists, and when such evidence has been produced it is something more than mere corroborative evidence of the testimony which he gives. It is of itself positive evidence bearing upon the question of his guilt or innocence, and it is to be considered by the jury, not merely as explanatory of the criminating circumstances, to be considered after a conclusion has been reached upon the main question of the defendant's guilt or innocence, but as testimony bearing upon that precise point. In every case where such testimony has been given, the defendant is entitled to an instruction that it is to be considered as primary testimony upon the question of his guilt. In this case we think the learned judge did not give to the jury as complete instruction as to the weight to be given to evidence of good character as the defendant was entitled to. The case was one where such evidence was primarily to be considered. The inference of guilty knowledge was to be established from any circumstances the weight of which depended very largely on the view to be taken of them by the defendant himself. In considering that view his character was necessarily an important factor, and of itself it would be sufficient, if it was good, to explain away circumstances which otherwise would be of great weight in establishing his guilt. In such a case the fact of good character must be considered by the jury as an absolute probative fact. We do not mean to be understood as limiting the effect of this evidence to cases where there is only circumstantial evidence to establish the guilt of the accused. Where evidence of good character is given it is to be considered as directly bearing upon the question of guilt or innocence, even though the evidence against the accused is of the most direct and positive nature; and in every case the weight to be given to it is for the jury. The courts in this state have spoken with no uncertain sound upon the subject. The leading case upon the subject is the case of Remsen v. People, 57 Barb. 324, 43 N. Y. 9. In that case the jury were told that:

"Where the evidence is positive, leading to a conviction, logically and fairly derived, of guilty, from all the testimony, the simple fact that a person possesses previous good character will be of no avail. It is only in cases where you have a well-reasoned doubt, logically arrived at, arising out of all the testimony, that evidence of good character steps in; and then it becomes your duty, under your oath, to give a verdict in favor of the prisoner."

Upon that charge the prisoner was convicted, and the court at general term upon a writ of error held that the charge fairly ex-

pressed the law with regard to the weight to be given to the testimony of good character, and affirmed the conviction. It was, however, reversed by the court of appeals, for the reason that the charge as above quoted was erroneous. The court in that case say:

"There is no case in which the jury may not, in the exercise of a sound judgment, give the prisoner the benefit of a previous good character. No matter how conclusive the other testimony may appear to be, the character of the accused may be such as to create a doubt in the minds of the jury, and to lead them to believe, in view of the improbabilities that a person of such character would be guilty of the offense charged, that the other evidence in the case is false, or the witnesses mistaken. An individual accused of crime is entitled to have it left to the jury to form their conclusion upon all the evidence whether he, if his character was previously unblemished, has or has not committed the particular crime alleged against him."

The court further say:

"Evidence of good character is not only of value in doubtful cases and in prosecutions for minor offenses, but is entitled to be considered when the crime charged is atrocious, and when the testimony tends very strongly to establish the guilt of the accused. It will sometimes of itself create a doubt, when without it none would exist."

The charge of the court upon this subject in this case must, of course, be taken all together, and the only question is whether, so considered, it gave to the jury proper instructions as to the weight which they should attach to that class of evidence. They were told that evidence of good character was not a defense to crime; that, if they were satisfied beyond a reasonable doubt of the guilt of the defendant, his previous good character was no defense; and we think the charge substantially instructed the jury that good character was only to be considered when a reasonable doubt might arise on the evidence as to the guilt of the defendant. This certainly was not such a charge as the defendant was entitled to in a case like this. He was entitled to have the jury instructed as to the full weight which should be given to evidence of that character. People v. Wileman, 44 Hun, 187. The charge as given is clearly erroneous.

The complaint is made by the defendant of the language of the court in regard to a reasonable doubt. To this portion of the charge no exception seems to have been taken. Whatever may be the origin of the doctrine that the guilt of the defendant must be proved beyond a reasonable doubt, and whatever opinions may exist as to the original necessity or usefulness of such a rule, it is now too firmly fixed in the jurisprudence of this state to be overthrown. In every case the prisoner upon trial is entitled to have an instruction that his guilt must be proved beyond a reasonable doubt. Code Cr. Proc. § 389. Such a doubt is not a mere guess or surmise that the man may not be guilty; it is such a doubt as a reasonable man might entertain after a fair review and consideration of the evidence. It is one which arises from the evidence and its character, or from the absence of satisfactory evidence in the case. If, upon a consideration of all the evidence in the case, with such presumptions and inferences as fair-minded and intelligent men have a right to draw from the facts which have been

established, the jury have such a conviction of the defendant's guilt that a prudent man would feel safe to act upon that conviction in matters of the highest concern and importance to himself, they may safely say that the case is established beyond a reasonable doubt. Peoplev.Guidici, 100 N.Y.503, 509, 3 N.E. 493; People v. Walworth, 4 N. Y. Cr. Rep. 355, 372; Miles v. U. S., 103 U. S. 304, 309, 312. Whether the court in this case correctly laid down the rule to the jury on this subject it is hardly necessary to consider.

Because of the erroneous charge upon the question of character we feel ourselves constrained to reverse the judgment and order a new trial. All concur.