Brewster, J.
(dissenting). I dissent. The people’s evidence consisted of the testimony of the infant prosecutrix, that of her brother as to her age, a written statement of confession, signed by defendant while in police custody prior to being formally accused, and testimony of the Assistant District Attorney as to the circumstances of its being made and signed. Thus, in and of itself, neither class of the proofs as to the act charged could uphold a conviction. The one, the testimony of the prosecutrix, was required to be supported by other evidence (Penal Law, § 2013), and the other, defendant’s confession was insufficient without additional proof that the crime charged had been committed (Code Grim. Pro., § 395). While the deficiency as to each could be supplied by the presence of the other, the jury was not instructed as to any matters of law which pertained thereto, and such I consider to have been necessary in the interest of justice and a fair trial. Heither were any instructions given pertaining to the presumption of defendant’s innocence nor as to the rule and doctrine of reasonable doubt. A charge to the jury was required and was required to embrace “all matters of law” deemed “necessary for their information.” (Code Grim. Pro., § 388, subd. 7; § 420.) I am not prepared to give sanction to a felony conviction by trial where these ancient safeguards are wanting, even in the absence of exceptions taken to their omission or requests made for their presence. (People v. Friedland, 2 App. Div. 332, 335.) It is difficult to see how the main issue at the trial could have been clarified to the jury without appropriate instructions regarding them and certainly such instructions were *904 essential to the very definition of material issues raised by the defendant’s plea of not guilty.
“Whether under a proper charge the jury would have come to the same result it is not within our province to decide. The determination of the facts rests wholly with the jury. It is for the court to instruct them as to the law, and these instructions .they are bound to follow. If materially erroneous it is the imperative duty of the appellate tribunal to grant a new trial.” (Stokes v. People, 53 N. Y. 164, 184.) The rules which establish the presumption of innocence and make the requirement for proof that overcomes a reasonable doubt, while correlative, are not identical and an omission of the one as to the presumption has been held to call for a reversal even when the other was given. (People v. Van Houter, 38 Hun 168, 170.) It can but be that the omission of both is material error.
The defendant was of the colored race, the prosecutrix white. At the trial defendant offered no proof. In substance the jury was simply instructed that “ All the material elements that are charged here must be proved to your satisfaction by the District Attorney.” In effect the trial court had, earlier in the charge, reduced the crime charged in the indictment, rape, to that of its lower degree. Thus the. omission of the charge to erect the prescribed standard as to the quality and degree of proof and to supply in its place the one given, viz.,, to the satisfaction of the jury, was highly prejudicial. . “ Whatever may be the origin of the doctrine that the guilt of the defendant must be proved beyond a reasonable doubt, and whatever opinions may exist as to the original necessity or usefulness of such a rule, it is now too firmly fixed in the jurisprudence of this State to be overthrown. In every case the prisoner upon trial is entitled to have an instruction that his guilt must be proved beyond a reasonable doubt. (Code Grim. Pro., § 389.) ” (People v. Friedland, 2 App. Div. 332, 335, supra.)
The judgment of conviction should be reversed and a new trial ordered.
Hill, P. J., Heffernan and Poster, JJ., concur in decision; Brewster, J., dissents in an opinion in which Lawrence, J.) concurs.
Judgment of conviction affirmed.