■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GLADYS IRRIZARI, Appellant.— Appeal from a judgment of the County Court, Nassau County, convicting appellant, after trial, of grand larceny in the second degree (three counts). Appellant was indicted for grand larceny in the second degree, the indictment containing three counts, each charging the theft, from a different store, of specified merchandise having a value of more than $100. Judgment unanimously affirmed. We find no error which affected any of appellant's substantial rights in the court's charge as to reasonable doubt, or in the refusal to charge as requested that reasonable doubt could be found, not only from the evidence in the case, but also from the lack of evidence. (*People* v. *Radcliffe,* 232 N. Y. 249, 254.) We are also of the opinion that the market value of the stolen property, as to each count of the indictment, was sufficiently established to be more than $100 by the stores' bills therefor, which were received in evidence without objection. On the record presented, the court's charge on the question of market value was not prejudicial to appellant (cf. *People* v. *Bransby,* 32 N. Y. 525, 535–536; *People* v. *Odell,* 230 N. Y. 481, 490) and there is no necessity to determine whether the interpretation therein of section 1305 of the Penal Law was entirely correct. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ. [4 Misc 2d 1019.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JUAN MIRANDA, Appellant.— Appeal (1) from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant, after trial, of assault in the third degree and sentencing him to serve four months, and (2) from said sentence. Judgment unanimously affirmed. No opinion. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ FRANCES J. RIGGIO, as Administratrix of the Estate of WILLIAM W. KOENIG, Deceased, Respondent, v. BERNARD KRANSDORF et al., Defendants, and ERIE RAILROAD COMPANY, Appellant.— In an action to recover damages for wrongful death and for conscious pain and suffering, an order was made on the motion of the administratrix, granting leave to serve an amended complaint (1) omitting the cause of action for conscious pain and suffering, (2) increasing the amount of the damages for wrongful death from $100,000 to $250,000, and (3) pleading an additional cause of action against the Erie Railroad Company, the intestate's employer, under the Federal Employers' Liability Act (U. S. Code, tit. 45, §§ 51–60). Erie appeals from so much of said order as permits the inclusion of the additional cause of action in the amended complaint. The intestate, a passenger in a motor vehicle owned by defendant Kransdorf and operated by defendant Hohorst, received injuries which resulted in his death, when the motor vehicle in which he was riding and the motor vehicle owned by defendant California Pie & Baking Co., Inc., were involved in a collision with motor vehicles owned by appellant and defendant United States Trucking Corporation. At the time of the accident the intestate was en route to an eating place during a regular meal period. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.