Jasen, J.
The primary issues in this case concern alleged errors in the court’s instructions to the jury.
The facts are not seriously controverted. Defendant never denied that he stabbed his mother-in-law Anna Arnold, or her friend Elizabeth Steele during a reception in celebration of the marriage of his daughter. Bather, he testified that he had no recollection of stabbing either of these women, and offered evidence of his intoxication at the time of the incident. The principal issue presented at the trial was whether defendant was sufficiently intoxicated so that he lacked the specific intent necessary to convict him of the crimes with which he was charged. (See Penal Law, § 15.25.)
The first question of law raised by the defendant on this appeal is directed to the court’s charge on reasonable doubt. The Trial Judge instructed the jury: “ A reasonable doubt is a doubt which is based upon a reason and which arises out of the evidence or lack of evidence in the case. It is not a doubt based upon the result of sympathy or of whim or of sentimentality or a doubt arising out of the reluctance of a. juror to perform a disagreeable duty. It is a doubt for which there is. a substantial reason. It is an honest doubt, one that leaves you as the jurors with your minds in a state of suspense so that you cannot say as to the defendant here you are convinced to a moral certainty of the guilt of the defendant.”
At the conclusion of the entire charge, defense counsel, in the presence of the jury, excepted to that portion in which the court stated that a reasonable doubt “ is a doubt for which there is a substantial reason.” He went on to say, “ I believe that is a greater burden than is on the defendant; that [the juror] does not have to show a substantial reason, but a doubt for which [the juror] can give a reason.”
Thus, the criticism is limited to that portion of the definition of reasonable doubt where, by way of paraphrase, the Trial Judge said that a reasonable doubt is a doubt for which there is a ‘'substantial reason’’.
We have never directly passed upon this question. In People v. Herrmann (9 N Y 2d 665), we reversed a conviction and ordered a new trial upon the authority of the dissenting memorandum in the Appellate Division, wherein one of the errors mentioned was the definition of reasonable doubt as a doubt *226 for which there is a substantial reason. However, in the Herrmann case, the reversal was mainly predicated upon the allowance of impermissible identification testimony and no consideration was given to the question presented on this appeal.
Reasonable doubt has been defined by our court as “ [a] doubt for which some good reason arising from the evidence can be given.” (People v. Guidici, 100 N. Y. 503, 509.) We had occasion to again define reasonable doubt in People v. Barker (153 N. Y. 111, 115) as “ a doubt founded in reason and coming from reason * * * which survives reason.”
We conclude that the use of the words “ substantial reason ”, in the context of the instructions delivered by the court, was proper. There seems to be a general agreement among the authorities that a charge which describes a reasonable doubt as an actual and substantial misgiving or doubt of guilt is not erroneous. (United States v. Aiken, 373 F. 2d 294, 299, cert. den. 389 U. S. 833; United States v. Heap, 345 F. 2d 170, 171.)
The Illinois Supreme Court, in People v. Ahrling (279 Ill. 70, 84-85), approved instructions defining .reasonable doubt as “ a serious, substantial and well-founded doubt, and not the mere possibility of doubt.” In Kaufman v. United States (212 F. 613), the Second'Circuit observed that an instruction on reasonable doubt embodying the statement that the doubt is one for which the jury is able to give a sensible reason was sufficiently distinct and proper.
“ A reasonable doubt”, said the Tennessee Supreme Court in Purkey v. State (50 Tenn. 26, 28), “ is an honest misgiving as to the guilt of the defendant upon the proof, which the reason entertains and sanctions as a substantial doubt.”
An instruction defining reasonable doubt as a doubt for which there is a substantial reason is not reversible error, when given in connection with other instructions intended to impress upon the jury the distinction between reasonable doubt and a vague or imaginary doubt. Where, as here, the objection is limited to a portion of a definition, it should be read in conjunction with the entire definition of which it forms a part. Taken in such context, it shows that the meaning conveyed is to distinguish that doubt which would avail the defendant, from one which is merely vague and imaginary. Put another way, substantial reason, as used here, merely refers to a sound reason and not *227 one based on guess or surmise. Clearly, in this case, the court’s instructions on reasonable doubt, considered as a whole, did not mislead or perplex the jury, but, on the contrary, assisted the jury in understanding the difference between a reasonable doubt and one which is based on a whim, sympathy or some other vague reason.
Defendant also insists that the supplementary instructions given at the request of the jury with reference to “ the difference between first, second and third degree assault ”, were erroneous in that the instructions were incomplete by the omission of specific intent as an element of the crimes of assault.
The court initially charged as to the requirement of intent and no contention is made that the main charge was erroneous in any way. However, the jury later returned and asked for an explanation of “ the difference between first, second and third degree assault.” The Judge explained the difference between the various degrees of assault without any reference to specific intent. Thereupon, defense counsel reminded the Judge that intent was left out. The court replied, “ Well, they want it in layman’s language. They want the situation, not as far as the law is concerned.” Later, in clarifying his supplementary instructions as to the differences between the various crimes charged, the court did include the requirement of intent.
Defendant claims on this appeal that the present case is governed by our decision in People v. Katz (290 N. Y. 361), and requires reversal. In Katz, the court had, as here, correctly stated the intent element in the main charge, but later, when the jury specifically asked the Trial Judge for a definition of second and third degree assault, the Judge mentioned only the difference in the seriousness of the injury inflicted without again calling attention to the necessity of finding specific intent to inflict grievous bodily harm as a necessary element of assault in the second degree. We held that the failure of the trial court to reiterate in the supplementary charge the necessity of the specific intent to inflict grievous bodily harm constituted reversible error.
In this case, the court fully and adequately instructed the jury in the main charge on the requirement of specific intent as to the various degrees and counts of assault charged. Then, in the supplementary charge, the court did reiterate part of the *228 instructions given in the main charge, stating that first degree assault required “ that the defendant intended to cause serious physical injury to another person by means of a deadly weapon and dangerous instrument ”, and that as to second degree assault, it was required “ that the defendant intended to cause serious physical injury to another person, the injury to be caused by a knife.”
Such a statement explicitly reiterated to the jury that a specific intent was required, and, thus, can be distinguished from People v. Katz (supra), where the court, in its supplementary instructions, failed completely to repeat the necessity of finding specific intent as a necessary element of assault in the second degree.
It is true that the Trial Judge did not reiterate the requirements of a particular intent as to the charge of assault in the third degree, but we find no error in this omission since the defendant was convicted of assault in the second degree'—a crime requiring a higher degree of intent. Therefore, the omission to reiterate the instructions on intent relative to third degree assault was consequently not prejudicial to defendant.
Moreover, the question submitted to the court by the jury — to explain "the difference between first, second and third degree assault ” (emphasis added) —did not require a full reiteration of all the elements of each of the crimes charged, but merely answer the limited question propounded by the jury to explain the difference between the three assaults. Since specific intent is a necessary element in all three of the assaults charg’d, this would not be a difference requiring clarification. This was not the situation in Katz. There, the jury specifically asked the Judge for a "definition of second and third degree assault” (emphasis added). In properly answering such a query, instructions relative to intent would be required, as intent is part of the definition of each of the assaults charged.
Defendant also claims the trial court committed reversible error in its charge on intoxication. In essence, defendant claims that the charge should have stated that the jury must consider evidence of intoxication as negating specific intent — rather than may consider such evidence. We do not agree. The charge correctly states the applicable law as set forth in section 15.25 of the Penal Law, and People v. Koerber (244 N. Y. 147). Both *229 the statute and the ease law use the word may, and this is proper. Consequently, the trial court adequately charged the jury as to the effect of intoxication upon intent.
The other errors alleged by defendant are of no consequence. The judgment appealed from should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Gibson concur.
Judgment affirmed.