█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES FINNEY and IVY (KEARSE) PATTAVINO, Appellants.—Appeals by defendants from two judgments (one as to each defendant) of the Supreme Court, Queens County, both rendered July 14, 1969, convicting them of murder and possession of weapons and dangerous instruments and appliances as a felony, upon a jury verdict, and imposing sentence. Judgment convicting defendant Charles Finney affirmed. Although we believe the prosecutor's remarks upon summation, in answer to Finney's claim that he had been framed and to Finney's testimony that his statement to the police had been altered, were improper, defense counsel made no objection thereto and, upon this record, we do not deem the remarks prejudicial. Judgment convicting defendant Ivy Pattavino reversed, on the law, and new trial ordered as to said defendant. The findings of fact below are affirmed. In our opinion, it was error to permit the prosecutor to repeatedly elicit testimony (from defendant Pattavino on cross-examination and two detectives on rebuttal) that defendant Pattavino had refused to make any statement or answer any questions after her arrest. A person in police custody is under no obligation to speak and no damaging inference may be drawn from his silence, as was sought to be done here (*People* v. *Christman*, 23 N Y 2d 429; *People* v. *Rutigliano,* 261 N. Y. 103; *People* v. *Hyman,* 284 App. Div. 347, affd. 308 N. Y. 794; *People* v. *Infantino,* 224 App. Div. 193). Furthermore, the prejudicial effect of this testimony was aggravated by the trial court's failure to instruct the jury that defendant Pattavino had a right to remain silent and that her silence signified nothing (*People* v. *Travato,* 309 N. Y. 382). Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.