■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE C. GAMBINO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 22, 1975, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. At the trial three of the People's witnesses identified defendant as the person who robbed a bar in Queens on June 18, 1974, at about 2:00 A.M. Defendant's father testified that his son was home sleeping at the time the robbery occurred. Defendant attempted to show, through the testimony of his wife, who, at the time of the incident, was his fiancée, and of his cousin, that two of the eyewitensses, Di Palmo and Luccisano, who knew each other, were seeking to "frame" him because of an altercation he had had with Di Palmo several weeks prior to the robbery. According to both the cousin and defendant's wife, after the altercation, in which Di Palmo suffered a bloody nose and some bruises, Di Palmo said, "I will get you for this. I will get back at you", or words to that effect. During

the cross-examination of defendant and the rebuttal testimony of the arresting officer, the prosecutor was permitted to elicit testimony that defendant, after his arrest, did not tell the police that he had an alibi defense or that Di Palmo had threatened him after their altercation. In his summation, the prosecutor also alluded to the fact that, at the time of his arrest, defendant never informed the police about the "frame-up" and his alibi. In our opinion, the trial court clearly erred in permitting the prosecutor to elicit such testimony (see *People v Finney,* 39 AD2d 749, affd 33 NY2d 536; *People v Felcone,* 43 AD2d 976; *People v Jones,* 47 AD2d 761), and then compounded the error by allowing the prosecutor to comment thereon in his summation (cf. *People v Cwikla,* 45 AD2d 584). We are also of the opinion that the incompleteness of the trial court's charge to the jury as to reasonable doubt may have been prejudicial to the defendant. Its charge that reasonable doubt can be found in the evidence, or in the conflict of evidence, should have been augmented by the further statement that reasonable doubt can also be found in the lack of evidence (see *People v Friedland,* 2 App Div 332; *People v Barberi,* 47 NY Supp 168). Thus, in view of the fact that two of the eyewitnesses may have had an ulterior motive in identifying defendant as the perpetrator of the robbery, and since the third eyewitness had been drinking at the bar for four and one-half hours before the occurrence, we do not believe that the People's evidence herein was so overwhelming as to render harmless the cumulative errors set forth above (cf. *People v Crimmins,* 36 NY2d 230). Margett, Damiani and Titone, JJ., concur; Latham, Acting P. J., and Hawkins, J., dissent and vote to affirm the judgment with the following memorandum: We conclude, upon an examination of the entire record, that no "significant probability" exists that the errors committed at the trial adversely affected defendant's rights, or that the verdict would have been different had the errors not been committed (see *People v Crimmins,* 36 NY2d 230, 242).