■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL RAMOS, Appellant.—Judgment, Supreme Court, Bronx County (Vincent A. Vitale, J.), rendered March 20, 1984, convicting defendant of murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to three concurrent indeterminate terms of imprisonment of from 15 years to life, 8⅓ to 25 years and 5 to 15 years, respectively, affirmed.

The dissent finds that Trial Term committed reversible error by not permitting defendant to introduce in evidence his entire postarrest statement after the prosecutor had used a part of that statement, three questions and answers to be precise, to impeach him during cross-examination. Defendant had testified that, just prior to the shooting, the Rosado brothers were attacking Sammy Estrada and hitting him with a stick. Defendant, who had testified that he intervened in Estrada's behalf and then shot the Rosado brothers in self-defense after one of them, Camilo, swung a bat at him and the other, Lind, who was fatally shot, came at him from behind with a cleaver, was cross-examined as follows:

"Q. Beating the hell out of Sammy?

"A. Yes.

"Q. With what?

"A. With the stick and their hands.

"Q. With the stick; how many times did they hit him with the stick?

"A. They hit him three times with the stick.

"Q. Three times with the stick?

"A. Yes.

"Q. Isn't it a fact Mr. Ramos that all they did with Sammy other than argue with him, was to push him; is that not a fact?

"A. No; it is not true. They hit him.

"Q. They hit him; and, of course, you just told Mr. Walters that you made a statement to the assistant district attorney that night, September 2nd, 1983?

"A. Yes.

"Q. Do you remember that statement?

"A. Yes.

"Q. Do you remember being asked this question and giving this answer?

" 'Question: What did they hit him with?'

" 'Answer: Their hands.'

" 'Question: Did they use a stick?'

" 'Answer: No.'

" 'Question: Did they use a knife?'

" 'Answer: No.'

"Q. Do you recall being asked those questions and giving those answers on September 2nd, 1983?

"A. Yes; I recall being asked the questions.

"THE COURT: That was September 2nd; was that?

"MR. JOHNSON: Yes.

"Q. Did you give those answers to those questions Mr. Ramos?

"A. I probably did."

Contrary to the dissent's position, this portion of defendant's statement, which clearly was at odds with his testimony, was not taken out of context. As the quoted portion of the cross-examination shows, the prosecutor used the statement merely to impeach one specific aspect of defendant's testimony, namely, that the Rosado brothers had used a stick to attack Estrada. Whether the Rosado brothers were striking Estrada with their bare hands or with a stick is a separate, albeit not totally, unrelated matter from the question upon which defendant's guilt or innocence ultimately turned—what the Rosado brothers were doing at the time defendant fired the fatal shot. As regards the latter issue, it is just as clear that defendant testified consistently in both his direct and cross-examination that the Rosados were armed during the incident and, in particular, at the time they attacked him. Even Camilo Rosado testified that he swung a stick at defendant just before he was shot. Thus, there was no dispute on this point.

The rule that where only a part of a statement is elicited on cross-examination, the other parts may be introduced on redirect examination for the purpose of explaining or clarify-

ing the statement *(People v Regina,* 19 NY2d 65, 70; *People v Buchanan,* 145 NY 1, 24) was never intended to allow a party to put forth an earlier, consistent and complete version of his trial testimony. The rule was designed to rehabilitate the witness on a matter upon which he was cross-examined, and its application is limited to new matter which bears directly on that point. *(Cf. People v Torre,* 42 NY2d 1036, 1037.)

On the basis of the limited use to which a part of defendant's statement was put, this jury could not have been left, as is suggested, with the erroneous impression that defendant never told the police that the Rosados were armed. The cross-examination merely highlighted the fact that although defendant testified at trial that the Rosado brothers attacked Estrada with a stick, he had initially told police officers that they had hit him with their hands only. This was a point upon which the prosecutor could properly cross-examine defendant, without opening the door to receipt of defendant's entire statement, which was exculpatory.

Nor was the whole of defendant's statement rendered admissible on the ground that part of an admission or confession was received *(see, People v Dlugash,* 41 NY2d 725, 736), since the use of the statement, such as it was, was limited to impeachment and to only the issue of whether the Rosados were attacking Estrada with a stick or their hands. Finally, it should be noted that defendant's counsel failed to ask any questions of him on redirect examination to clarify any possible misconception as to whether the Rosado brothers were armed at the time of the shooting. Clearly, there was no confusion, and counsel, in seeking to introduce defendant's postarrest statement, was attempting to bolster his testimony with this self-serving account of the incident.

Even if Trial Term should have admitted the statement in its entirety, any error in that regard was harmless. The People's witnesses testified that defendant shot Lind Rosado as he returned empty-handed to the fracas to help his brother, who had fallen to the ground after being shot. There was even testimony that, after shooting Lind, defendant ran over to where he fell, pointed the gun at his head and then kicked him. Defendant presented a number of witnesses, at least two of whom, with some discrepancies in their respective accounts, supported his theory of self-defense. Thus, a clear issue of credibility was presented. Charged with the responsibility of determining that issue and having the opportunity to observe the demeanor of the witnesses *(People v Malizia,* 62 NY2d

755; *People v Siu Wah Tse,* 91 AD2d 350, 352), the jury obviously accepted the People's account of the incident. That determination deserves our respect and should not be overturned for an error as inconsequential as the type cited here by the dissent. In our view, however, as already indicated, there was no error.

We have considered defendant's other arguments and find that they are without merit. Accordingly, the judgment is affirmed. Concur—Sullivan, Ross and Kassal, JJ.

Kupferman, J. P., and Ellerin, J., dissent in a memorandum by Kupferman, J. P., as follows: We would remand for a new trial.

In the evening of September 2, 1983, near 184th Street and Grand Avenue in The Bronx, appellant was playing dominoes with one Sammy Estrada and one Juan Malave. The Rosado brothers, Camilo and Lind, approached the game, intending to fight with Estrada. It is alleged that they were armed with a stick and a meat cleaver, respectively.

Appellant contends the following: When the Rosados started to fight with Estrada, he intervened in Estrada's behalf. The Rosados circled him, Camilo carrying a stick and Lind holding a cleaver. At this time, appellant raised his shirt so that a gun butt could be seen. Camilo swung at him while Lind came from behind with the cleaver. Appellant told Camilo to put down the stick, but when he refused, appellant fired his gun at him. As he turned around, he saw Lind coming at him with a cleaver and shot him. He ran over to see if Lind was alive and was told by Estrada to leave the area.

The People, on the other hand, contend the following: As Camilo and Estrada argued, appellant approached Camilo but was pushed away by Lind, who was holding a stick. Appellant pointed a gun at Lind. Camilo sought to stop appellant from shooting his brother. Camilo swung at appellant, and then appellant shot him. When Camilo was on the ground, Lind approached his brother, empty handed, to look at him. The People contend that at this time, appellant shot Lind. Camilo survived, but Lind died.

At trial, appellant testified that the Rosado brothers hit Estrada with a stick. On cross-examination, the prosecutor sought to impeach appellant by introducing into evidence a portion of appellant's postarrest statement. When asked as to whether the Rosados were "beating the hell out of [Estrada]", appellant replied that the Rosados used their hands and a stick three times to beat Estrada. However, the portion of the

postarrest statement admitted into evidence contained the following:

"Question: What did they hit him with?

"Answer: Their hands.

"Question: Did they use a stick?

"Answer: No.

"Question: Did they use a knife?

"Answer: No."

On redirect, appellant's trial counsel was denied his request to admit the entire postarrest statement into evidence based on the trial court's ruling that it would be improper bolstering of the witness. We would reverse based on the trial court's erroneous failure to admit the complete statement.

The portion of the postarrest statement admitted pertains to the stick and knife as it relates to Estrada, not to the appellant. The complete postarrest statement included the following: "I shoot [sic] the one with the stick cause he was the one directly in front of me, the one with the knife was trying to get behind me, after I shot the one with the stick, I turned around to the other one and he still kept on coming at me with a clever [sic], I had to shoot him too."

We find that the portion of the postarrest statement admitted into evidence was admitted out of context. The exclusion of the remaining portion thereof, sought to be admitted for the purpose of clarifying the admitted portion, was reversible error. (People v Torre, 42 NY2d 1036, 1037.)