■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CULLUM, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered May 25, 1984, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence as a second felony offender.

Judgment affirmed.

On the night of October 9, 1983, at 1:10 A.M., Officer McQuade, investigating a burglary at a hardware store, found the defendant with his hands and part of his body inside a hole two feet square cut through the outside cement block wall into the interior of the store. As a second police vehicle came on the scene and its lights shone toward the defendant, he pulled himself out of the hole and began to flee. McQuade saw that the defendant was wearing a maroonish-brown imitation leather jacket and sweatsocks on his hands. After he arrested the defendant he saw that the jacket had rips in it and had cement powder on it. He removed the sweatsocks in order to handcuff the defendant. Later, while the defendant was at the police station, Officer Fanning saw him. At the trial, that officer described the jacket that the defendant was wearing as being brownish-red vinyl, with cut marks on the sleeve. It was covered with cement dust similar to the dust around the opening in the wall of the building.

The defendant produced an untorn jacket during the trial. When this jacket was displayed to Officer McQuade and Officer Fanning they both said that it was not the jacket the defendant wore when he was arrested. The question of whom to believe was one for the jury *(see, People v Cox,* 114 AD2d 968).

The defendant further argues that there was no connection between him and the tools found at the scene of the crime. However, the hole in the side of the building with cement dust around it, coupled with the testimony of the proprietor that when he closed the premises there was no hole in the building, was sufficient to justify admitting those tools in evidence as part of the circumstantial evidence *(People v Kennedy,* 47 NY2d 196, 203).

The defendant also claims that his intent was not proven.

There was testimony during the trial by an alarm expert that burglar alarm signals were received in the alarm office from the area where the hole was made. To activate the alarm a person would have to penetrate eight inches inside the building so as to break an infrared beam. This testimony coupled with that of Officer McQuade, who said that when he arrived on the scene he found the defendant with part of his body and hands within the hole in the building, was sufficient to prove intent *(People v King,* 61 NY2d 550; *People v Barnes,* 50 NY2d 375). Moreover, under the circumstance of this case, the proof permitted the inference to be drawn that the defendant's entry into the premises was effectuated with the intent to commit a larceny therein *(People v Barnes, supra,* at p 381).

The defendant next contends that there were multiple errors in the court's charge to the jury, thereby denying him a fair trial. At the conclusion of the charge, defense counsel requested that the court clarify that "a reasonable doubt can be based on the evidence in the case as well as the lack of evidence in the particular case". This request was denied on the basis that the court had so instructed the jury, without any objection or request for additional instructions by counsel. It was not error for the court to refuse to charge the jury the language requested by the defendant *(see, People v Dory,* 59 NY2d 121). At bar, the defendant did not voice any objection to the portion of the charge which he now argues was improper. Thus, this issue of law has not been preserved for appellate review *(see, People v Irazarry,* 114 AD2d 1041). The defendant also complains that in explaining "circumstantial" and "direct evidence" the court gave a "hypothetical" illustration thereby diverting the jury. Although hypothetical illustrations should be avoided, the illustration given by the court was not coercive, and there was no prejudice to the defendant *(United States v Cassino,* 467 F2d 610, *cert denied* 410 US 928). Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.