■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERMITT STRIDIRON, Appellant.—Judgment of the Supreme Court, New York County (Frank Blangiardo, J.), rendered November 9, 1987, convicting defendant, after a jury trial, of robbery in the third degree and grand larceny in the fourth degree, and imposing sentence, unanimously affirmed.

In a prosecution for third degree robbery and fourth degree grand larceny arising out of a chain snatching by the defendant, the hearing court denied that portion of defendant's motion seeking to suppress his initial statement to Police Officer Sosa-Feliz, that the defendant was hiding under a nearby parked car because he was "scared" of the complainant, finding that the statement was not obtained as a result of custodial interrogation without being preceded by *Miranda*

warnings, and granted that portion of defendant's motion seeking to suppress his subsequent statement to Housing Police Officer Paluge, concerning his explanation of what had occurred during the crime, finding that the statement was the result of a custodial interrogation without the benefit of *Miranda* warnings.

Although the People concededly failed to comply with the statutory requirements of CPL 710.30, by serving notice upon the defendant, within 15 days after arraignment, of their intention to offer defendant's statement to Officer Feliz at trial, and failed to show "good cause" for their failure to do so, nevertheless, the court below did not commit reversible error in excusing the People's failure because the error was harmless in that the complainant's positive identification of the defendant only minutes after the crime overwhelmingly proved his guilt. *(See, People v O'Doherty,* 70 NY2d 479 [1987]; *People v Brown,* 140 AD2d 266 [1st Dept 1988].)

Equally without merit is defendant's contention that he was denied his due process right to a fair trial by the court's refusal to admit into evidence at trial defendant's statement to Officer Paluge since the defendant failed to preserve this issue as a matter of law for appellate review (CPL 470.05 [2]; *People v Fleming,* 70 NY2d 947 [1988]); since the statement itself was inadmissible hearsay; and because the defendant's statement to Officer Paluge, made in response to custodial interrogation, was not related to or part of defendant's earlier statement to Officer Feliz, made in response to a mere inquiry, explaining his presence under the parked vehicle. *(See, People v Dlugash,* 41 NY2d 725, 728 [1977]; *People v Ramos,* 119 AD2d 455 [1st Dept 1986], *affd* 70 NY2d 639 [1987]; *People v Johnson,* 114 AD2d 210 [1st Dept 1986].)

Finally, with respect to defendant's arguments as to the charge, they are unpreserved as a matter of law and we therefore decline to reach them; were we inclined to reach them in the interest of justice, we would nonetheless affirm, given that the court's charge, as a whole, clearly conveyed that the defendant had no burden of going forward with any evidence whatsoever; that the People had the burden of providing every element of the defendant's guilt beyond a reasonable doubt; that the indictment had no evidentiary value; and that a reasonable doubt must be based upon the evidence or lack of evidence; it is clear that the court's charge did not deny the defendant a fair trial. *(See, People v Johnson,* 61 NY2d 656 [1983]; *People v Creech,* 60 NY2d 895 [1983]; *People v Malloy,* 55 NY2d 296 [1982], *cert denied* 459 US 847 [1982].)

Concur—Kupferman, J. P., Carro, Asch, Kassal and Rosenberger, JJ.