OPINION OF THE COURT
Phylis Skloot Bamberger, J.
One of the primary goals of a court’s instructions on proof beyond a reasonable doubt is to distinguish for the jury between a reasonable doubt and doubts based on whim, prejudice, speculation or other vague reasons. (People v Malloy, 55 NY2d 296, 303 [1982]; People v Jones, 27 NY2d 222, 226-227 *935 [1970]; People v Barker, 153 NY 111, 114 [1897].)[1] The question raised by this case[2] is whether the distinction between reasonable doubt and doubts based on other grounds must be explained by defining reasonable doubt as one based on the "evidence or lack of evidence.” This phrase is frequently part of the reasonable doubt charge, and, as in this case, defense attorneys so anticipate its inclusion that they do not feel the need to request it. Nevertheless, this court finds no New York Court of Appeals or Appellate Division, First Department, decision requiring the use of the phrase "evidence or lack of evidence” and declines to follow two Second Department cases, which appear to have been repudiated by a later decision of that court, as well as decisions of the Third and Fourth Departments based on the Second Department cases. Analysis of the precedents leads this court to conclude that other language can make clear to the jury the necessary distinction while preventing the misuse of the concept by inappropriate arguments. This court used the following as part of the *936 reasonable doubt instruction: "A reasonable doubt is a doubt based on reason and it must be based on the evidence as it is presented. It follows that a reasonable doubt comes from the nature and the quality of the evidence in the case. You look at the evidence presented and you decide if it is sufficient or insufficient, not good enough, to prove the case.”[3]
As noted, there are no Court of Appeals decisions requiring the use of "evidence or lack of evidence” to explain reasonable doubt. In People v Guidici (100 NY 503, 509 [1885]), the trial court had charged: " 'You must understand what a reasonable doubt is. It is not a mere guess or surmise that the man may not be guilty, [sic] it is such a doubt as a reasonable man might entertain after a fair review and consideration of the evidence. A doubt for which some good reason arising from the evidence can be given.’ ” In review, the Court of Appeals specifically noted the last quoted line but found it was not appropriate to focus on that line in deciding if there was error. The court found the Trial Judge made the correct distinction between a doubt which would avail the prisoner from one which was merely vague and imaginary. It found the *937 jury was correctly called upon "to weigh and consider the evidence, and if from a deficiency in proof, or inconclusiveness of testimony, any material fact was not established, there was than left a reasonable doubt arising from the evidence, and to the benefit of that the prisoner was entitled.” (Supra, at 510.) The court concluded that consideration of the evidence conveyed the idea that insufficient evidence produces a reasonable doubt.
In People v Barker (153 NY2d 111, 115, supra), the Court of Appeals considered the Trial Judge’s instruction that: " 'A reasonable doubt, gentlemen, is not a mere whim, guess or surmise; nor is it a mere subterfuge to which resort may be had in order to avoid doing a disagreeable thing; but it is such a doubt as reasonable men may entertain, after a careful and honest review and consideration of the evidence in the case. It is a doubt founded in reason and coming from reason, or, as the learned counsel for the defense has well expressed it, a doubt coming from reason and which survives reason.’ ” In Barker, a capital case in which all legal questions were subject to examination even absent objection, the court held without any hesitation that "the first sentence [contains] an accurate legal definition of reasonable doubt”. (Supra, at 115.) It was the second sentence that was given extensive analysis. Again, the court found that telling the jury to analyze the evidence in the case conveyed the reasonable doubt definition.
In People v Radcliffe (232 NY 249 [1921]), the court cited Barker (supra) as containing the approved language for a reasonable doubt instruction. Reasonable doubt, said the court, was defined as a doubt "founded on the evidence after a fair, honest and conscientious consideration of all the evidence”. (Supra, at 252 [emphasis in original].) The court specifically concluded that the Trial Judge was not required to charge the jurors, as counsel had requested (supra, at 253), that a reasonable doubt may be founded on the evidence or lack of evidence. "The jurors were instructed that it was their duty to judge the facts and to weigh the evidence and that if they had the slightest doubt of the guilt of the defendants, so long as it was a reasonable doubt, founded on the evidence, it was their duty to acquit. We may assume that they possessed sufficient intelligence to understand that the court intended to tell them they were to consider not only the evidence that was given in the case but also whether there was an absence of material and convincing evidence. 'Any reasonable doubt founded on the evidence’ means 'any reasonable doubt arising *938 out of evidence or lack of evidence.’ Defendants were not entitled to select the phraseology so long as the thought was once fairly expressed in the language of the judge.” (Supra, at 254.) This decision was reaffirmed in People v Irrizari (5 NY2d 142 [1959]), in which the issue of the reasonable doubt charge was raised (see, respondent’s points of counsel, supra, at 143), but the Court of Appeals found it unnecessary to discuss the issue. The Court of Appeals affirmed the Appellate Division’s holding it was not error to refuse to charge "evidence or lack of evidence” language and relying on Radcliffe. (People v Irrizari, 5 AD2d 881 [2d Dept 1958].)
The phrase " 'evidence or lack of evidence’ ” was used in the charge given by the Trial Judge in People v Jones (27 NY2d 222, 225, supra). The court reviewed only another portion of the charge, that defining reasonable doubt as one for which there was substantial reason. Notably, when discussing this portion of the instruction, the court referred to Guidici (supra) as authority for defining reasonable doubt as a doubt for which some good reason arising from the evidence can be given. (Supra, at 226 [emphasis added].) The failure by the court even to consider the "evidence or lack of evidence” language, and its favorable citation to Guidici, precludes the argument that Jones requires the lack of evidence language.
Jones (supra) is cited in People v Malloy (55 NY2d 296, supra). In Malloy, the trial court instructed that a reasonable doubt is " 'not a mere whim or guess or surmise. Nor is it a feeling that an accused may not be guilty. Nor is it proof beyond * * * all doubt or proof to a mathematical certainty, or scientific certainty. * * * It’s a doubt for which you can conscientiously express a reason, based on logic and the credible evidence or lack of credible evidence.’ ” (Supra, at 300.) The court held it was not error to repeat this reasonable doubt instruction in response to a jury question and found this instruction to be neither confusing nor inaccurate. The citation to Jones was for the proposition that the instruction had to convey to the jury the difference between a reasonable doubt and one which is based on a whim, sympathy or other vague reason. Malloy is significant because it holds the language used was not inaccurate, but did not require its use. Malloy is also significant because it did not use the evidence or lack of evidence language, but the phrase "credible evidence or lack of credible evidence.” The jury was thereby told to evaluate the evidence presented to determine if it should be accepted.
*939 In People v Mosley (67 NY2d 985 [1986]), the Court of Appeals was reviewing the Trial Judge’s use of the phrase the " 'evidence [is] evenly balanced,’ ” which had been disapproved. Without specifically reviewing the use of the phrase evidence or lack of evidence, the court held that language combined with other portions of the charge sufficiently avoided the confusion caused by "equal balancing” language. Again, there was no requirement that the evidence or lack of evidence phrase be part of the charge.
After review of these cases, there is none requiring the use of the "evidence or lack of evidence” language, and all indicate that language is appropriate which makes the distinction between a reasonable doubt and a doubt based on whim.[4]
Appellate Division decisions present a variety of rulings of the language to be used to define reasonable doubt. The earliest case in the line of precedents is People v Friedland (2 App Div 332 [1st Dept 1896]). Friedland defined reasonable doubt as follows: "Such a doubt is not a mere guess or surmise that the man may not be guilty; it is such a doubt as a reasonable man might entertain after a fair review and consideration of the evidence. It is one which arises from the evidence and its character, or from the absence of satisfactory evidence in the case. If upon a consideration of all the evidence in the case, with such presumptions and inferences as fair-minded and intelligent men have a right to draw from the facts which have been established, the jury have such a conviction of the defendant’s guilt that a prudent man would feel safe to act upon that conviction in matters of the highest concern and importance, to himself, they may safely say that the case is established beyond a reasonable doubt.”[5] (Supra, at *940 335-336.) Friedland uses the phrase "absence of satisfactory evidence.” (Supra, at 335.) These words, as well as their place in the charge, mean it is the evidence presented that is to be evaluated to determine if it is satisfactory. The decision sets out the test saying explicitly that it arises after "a fair review and consideration of the evidence.” (Supra, at 335.)
In First Department cases other than Friedland (supra), Trial Judges have used the phrase "evidence or lack of evidence,” but that phrase was not the issue on the appeal, and its use was not reviewed. (People v Johnson, 46 AD2d 123 [1st Dept 1974], revd 39 NY2d 364 [1976]; People v Bell, 45 AD2d 362, 364 [1st Dept 1974] [concurring opn], affd 38 NY2d 116 [1975].)
In 1976, the First Department refused to require the instruction that reasonable doubt is based on the evidence or lack of evidence. The Appellate Division affirmed without opinion (People v Foran, 53 AD2d 1065) (leave was denied) a judgment rendered in the Supreme Court, New York County, on February 18, 1975. In that case, the defendant’s attorney objected to the failure by the Trial Judge to instruct that a reasonable doubt must be based on "evidence * * * 0r * * * lack of evidence.” (Foran v Metz, 463 F Supp 1088, 1091 [SD NY], affd 603 F2d 212 [2d Cir], cert denied 444 US 830 [1979].) The full charge is set out at 463 F2d, at 1091, n 3. The Trial *941 Judge refused to give that instruction, although he did give a supplemental charge. (See, supra, at 1091, n 3.) The affirmance by the Appellate Division precludes a claim that the trial court was required to give the instruction.[6]
Finally, in People v Stridiron (155 AD2d 247 [1st Dept], lv denied 75 NY2d 776 [1989]), it is stated that charging that a reasonable doubt came from evidence or lack or evidence along with other portions of the charge precluded a finding of denial of fair trial based on other claimed errors. This decision does not require the "evidence or lack of evidence” instruction to be given.
The Second Department has taken a different tack. In People v Gambino (52 AD2d 957, 958 [1976]), the Second Department converted the Friedland (and People v Barberi, 47 NYS 168) definition (using a "see” cite to them) to one requiring an instruction that reasonable doubt can be found in the evidence, and also in the lack of evidence. No explanation is given for the requirement and no notice is taken of the significance in the change of language. Gambino became the basis for People v Ostin (62 AD2d 1004 [2d Dept 1978]), which also held that a lack of evidence charge was required, but that the failure to give the charge could be harmless error. In People v Norton (90 AD2d 557 [2d Dept 1982]), the charge was used, but not reviewed on appeal. However, other Second Department cases have merely approved the phrase as a way of differentiating between a reasonable doubt and a doubt based on whim. (People v Rivera, 135 AD2d 755 [2d Dept 1987], lv denied 71 NY2d 901 [1988]; People v Quinones, 123 AD2d 793 [2d Dept 1986], lv denied 69 NY2d 749 [1987].) And significantly, People v Cullum (123 AD2d 397, 398 [2d Dept 1986]) held that the Trial Judge could refuse to use the " 'evidence * * * [or] lack of evidence’ ” language requested by counsel. Two later decisions have defined the issue for *942 consideration as whether the distinction is made for the jury between a reasonable doubt and other kinds of doubt. (People v Hammond, 143 AD2d 1043 [2d Dept 1988]; People v Mustafa, 126 AD2d 674 [2d Dept 1987].)
The conversion by the Second Department of the First Department’s Friedland definition to "lack of evidence” is a substantial change. It allows the jury to acquit the defendant based on the absence of any piece of evidence rather than requiring a finding of evidence insufficient to establish reasonable doubt. In any event, the Second Department’s required use of the lack of evidence phrase appears in doubt after Cullum (supra).
In People v Owens (97 AD2d 855, 856 [3d Dept 1983], revd on other grounds 63 NY2d 824 [1984]), the Third Department used the Second Department decision in Ostin (supra) to require an instruction that reasonable doubt can be found in the lack of evidence. Then Owens and Ostin became the basis for the Fourth Department decision in People v Washington (124 AD2d 982, 983 [4th Dept], lv denied 69 NY2d 718 [1986]), and Washington was then cited in People v Travis (134 AD2d 868, 869 [4th Dept 1987]). However, in People v Hill (154 AD2d 887, 888 [1989], lv denied 75 NY 2d 813 [1990]), the Fourth Department found that reasonable doubt was one based on the "credible evidence or lack of credible evidence”, returning to the position that it is the evidence presented that must be evaluated.
There is no holding of the First Department that the language "evidence or lack of evidence” to define reasonable doubt is required. Even the Second Department in Cullum (supra) appears to leave the language of definition to the Judge under People v Dory (59 NY2d 121, 129 [1983]; People v Barker, supra). The Third and Fourth Department cases are premised on the now questionable holdings of the Second Department.
The use of the phrase has permitted attorneys to argue in summation that the failure of the State to present a particular piece of evidence means that there is a lack of evidence and then to invite the jury to speculate that the absence of the evidence signifies that it would be favorable to the defense or that it is necessary to prove guilt. The argument invites the very kind of speculative doubt which is contrary to the reasonable doubt standard. The inference that some absent piece of proof is necessary to the People’s case or favorable to the *943 defense is improper unless there is an evidentiary basis for it (People v Brown, 155 AD2d 306 [1st Dept 1989]; People v Hernandez, 143 AD2d 842, 844 [2d Dept 1988]); and of course the court must allow the defense to present an evidentiary basis for the argument that some proof needed to show guilt is absent (People v Watkins, 157 AD2d 301 [1st Dept 1990]; People v Rodriguez, 141 AD2d 382, 385 [1st Dept 1988]). Then, however, there is evidence with properly drawn inferences upon which the jury can rely.
The instruction given in this case satisfied the requirement that the jury be advised of the distinction between a reasonable doubt and other doubts. The jury was told to consider the evidence to determine if "it is sufficient or insufficient, not good enough, to prove the case” and that it could not be based on "guess, whim, or speculation unrelated to the evidence in the case.” In this case, the charge not only satisfied the definition of probable cause, but appropriately allowed the jury to consider counsel’s arguments. Counsel had elicited evidence that no photos were taken by the police of the car which allegedly had bullet holes and explored the way in which the alleged cartridge shells were found after the asserted shooting. The instruction fully allowed consideration of this evidence in evaluating guilt of attempted murder. Counsel introduced no evidence about why the defendant’s alleged accomplice was not before the court. Indeed, such evidence would not have been relevant. The court’s instruction appropriately contained speculation by the jury.

. The United States Constitution requires proof beyond a reasonable doubt to convict an individual for a crime (In re Winship, 397 US 358 [1970]), but the precise instruction required has not been constitutionally mandated.

. Defendant was charged in a 14-count indictment with assault in the second degree, attempted murder and related charges, and proceeded to trial with a jury. The evidence of the assault, which occurred at a gas station, came through the testimony of Jack Diaz, the victim, and William Rodriguez, a friend of the complainant who was present at the station. Evidence was also introduced about events that allegedly occurred after the assault. These asserted events involved the uncle of the victim, William Skelson, who claimed that the defendant tried to shoot him, and resulted in a charge of attempted murder in the second degree.
In his summation, counsel argued that the police investigation of the assault and subsequent alleged shooting of Skelson was poor. Defense counsel argued that the People failed to produce the person who was said to have been with defendant at the time of the assault at the gas station. He argued that the shooting was not proved by production of a gun or by police photos of a car which, according to Skelson, was hit by bullets, nor by prior testimony of Skelson. The court interrupted counsel’s summation when he began to tell the jury that the court would charge that reasonable doubt was based on "evidence or lack of evidence.” The court suggested that a representation about the instruction not be made. Counsel nonetheless continued his argument using that particular phrase. He made no request prior to the summation or charge for the instruction.
After the completion of the charge to the jury, defense counsel objected to the failure of the court to instruct that a reasonable doubt is a doubt "based on the evidence or lack of evidence.” The court overruled the objection and did not amend the charge. Counsel raised the issue again just prior to sentence in a motion to vacate the verdict. The motion was denied.

. This court’s charge on proof beyond a reasonable doubt in its entirety reads:
"A person may be convicted of a crime only if you find that the evidence' presented establishes beyond a reasonable doubt each and every element of the crime charged, and that the defendant is the person who committed the crimes charged. I will explain to you shortly what the elements are.
"That standard does not require that the People prove guilt beyond all possible doubt or to a mathematical or scientific certainty. It requires the People to establish guilt beyond a reasonable doubt.
"A reasonable doubt is a doubt based on reason and it must be based on the evidence as it is presented. It follows that a reasonable doubt comes from the nature and the quality of the evidence in the case. You look at the evidence presented and you decide if it is sufficient or insufficient, not good enough, to prove the case.
"A reasonable doubt cannot be based on a guess or a whim or a speculation unrelated to the evidence in the case.
"Doubt is not a reasonable doubt if it is based on sympathy or a desire by a juror to avoid a disagreeable duty.
"A reasonable doubt is a doubt that you have in your mind after you have considered all of the evidence. It is a doubt that exists after full, fair, and conscientious examination of the evidence and a determination of what evidence you accept.
"If a reasonable doubt exists as to any element of any of the crimes charged or as to the identification of the defendant as the person who committed the crimes, then you must find the defendant to be not guilty. On the other hand, if no such reasonable doubt exists, or if in other words you are convinced of the defendant’s guilt beyond a reasonable doubt, you may find the defendant guilty.”

. The Second Circuit has also held the charge is permissible but not required. (Foran v Metz, 463 F Supp 1088, 1091-1092 [SD NY], affd 603 F2d 212 [2d Cir], cert denied 444 US 830 [1979]; United States v Caruso, 358 F2d 184 [2d Cir], cert denied 385 US 862 [1966]; see also, Leecan v Lopes, 893 F2d 1434, 1444 [2d Cir 1990].) The decision in Foran establishes there is no Federal constitutional right to the charge.

. People v Barberi (47 NYS 168, 175 [Sup Ct, NY County 1896]), published nine months after People v Friedland (2 App Div 332), is itself simply the publication of the instructions to the jury of Judge Gildersleeve, incorporating Friedland, and providing further explanation of the principles: "Such a doubt — and I am now defining what in law is meant by a reasonable doubt — is not a mere guess or surmise that the accused may not be guilty. It is such a doubt that a reasonable man might entertain after a fair review of and consideration of the evidence. It is one which arises from the evidence and its character, or from the absence of satisfactory evidence *940 in the case. If, upon a consideration of all the evidence in the case, with such presumptions and inferences as fair-minded and intelligent men have a right to draw from the facts which have been established, the jury have such a conviction of the defendant’s guilt that a prudent man would feel safe to act upon that conviction in matters of the highest concern and importance to himself, they may safely say that the case is established beyond a reasonable doubt. If, after a careful comparison and candid consideration of all of the evidence in the case, you have a doubt of the defendant’s guilt, it will then be your duty to determine whether such doubt is reasonable and sufficient in law to acquit the defendant; and if, after applying the law defining such doubts, as laid down in these instructions, you find that the doubt in question is not a reasonable one, then it will not be sufficient in law to acquit the defendant. A doubt, to justify an acquittal, must be a reasonable one, and it must arise from a careful, candid investigation of all the evidence in the case; and unless the doubt is a reasonable one, and does so arise, it will not be sufficient in law to authorize a verdict of not guilty. Your verdict should be the natural impression which, under the rules given you for your guidance, the evidence has made upon your minds. You should not undertake to resort to artificial and vague methods.” Barberi defines reasonable doubt using the phrase "evidence and its character, or from the absence of satisfactory evidence”. The phrase means that the evidence produced is satisfactory or not satisfactory to establish guilt beyond a reasonable doubt.

. In 1979 Foran raised his claim in a petition for writ of habeas corpus in the United States District Court for the Southern District of New York. The District Court considered the issue on the merits, rejected the claim and denied the petition. (Foran v Metz, 463 F Supp 1088.) The Second Circuit affirmed the order denying the petition. (603 F2d 212.) The treatment of the issue on the merits by the Federal courts demonstrates that Foran presented the issue to the Appellate Division and the New York Court of Appeals. Such presentation was necessary to exhaustion of State remedies, a prerequisite to Federal court consideration of the issue. (28 USC § 2254 [b], [c]; see, Project: Eleventh Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1980-81, 70 Geo LJ 465, 804-805 [1981].)