■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD H. LANHAM, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered October 31, 1988, convicting him of burglary in the first degree, sexual abuse in the first degree (two counts) and assault in the second degree (two counts), and upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence adduced at trial is legally insufficient to support his conviction for burglary in the first degree because the People failed to prove that he broke into the victim's apartment with the intent to commit a crime therein and the People failed to prove that he caused physical injury to the victim in effecting entry, while in her apartment, or in immediate flight therefrom.

The defendant followed an approximately 70-year-old woman home late at night and forced his way into her apartment. Once inside, he threw her up against the sliding panel of a closet door with such force that the panel was knocked off its track. He then picked her up and threw her outside where he sexually abused her and dragged her, kicking and screaming, around the yard. Under the circumstances of this case, the proof permitted the inference to be drawn that the defendant's entry into the victim's apartment was effectuated with the intent to commit a crime therein (see, People v King, 61 NY2d 550; People v Barnes, 50 NY2d 375, 381; People v Cullum, 123 AD2d 397). Moreover, the jury could properly find that the defendant caused physical injury to the victim "in effecting entry [into her apartment] or while in the dwelling or immediate flight therefrom" (Penal Law § 140.30).

The sentence was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or do not warrant reversal. Brown, J. P., Kooper, Harwood and Miller, JJ., concur.