██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WYATT HOLMES, Appellant

Memorandum: None of the issues raised by defendant on this appeal from his conviction on 10 counts of robbery in the first degree has any merit, and only one warrants comment. During voir dire and in his opening statement, the prosecutor stated that defendant's brother, Donald Holmes, would testify for the People as to defendant's complicity in a robbery of the Berlin Restaurant. Donald Holmes was never produced at trial. The People were permitted to introduce the testimony of an investigator that extensive investigation had failed to uncover the whereabouts of Donald Holmes. The rule is that, absent bad faith or undue prejudice, reversal is not required when the People fail to produce evidence alluded to in their opening statement *(People v De Tore,* 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York,* 419 US 1025; *cf. People v Cruz,* 100 AD2d 882). In this case, there is no evidence of bad faith, and any prejudice was eliminated by the thorough instructions by the trial court, both during trial and in its charge, that the jury was not to speculate as to the testimony of Donald Holmes, that no inferences were to be drawn against the defendant by Donald Holmes' failure to testify, and that all references made to the missing witness during trial be stricken *(People v De Tore, supra).* (Appeal from judgment of Oneida County Court, Buckley, J.—robbery, first degree.) Present—Doerr, J. P., Denman, Green, Pine and Schnepp, JJ.