■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BROADUS, Appellant.—Judgment unanimously affirmed. Memorandum: Viewing this record as we must in the light most favorable to the People, we find legally sufficient evidence to support defendants' convictions. The jury chose to believe the complainant's version of what happened and to disbelieve the defendants' testimony. Matters of credibility are to be determined by the trier of fact and should not be lightly overturned on appeal. Complainant's testimony that she was forcibly sodomized is corroborated by medical proof and photographs showing her bruised and battered body. Thus, it cannot be said that the convictions were against the weight of the evidence.

The prosecutor's comments during his opening statement with respect to the missing witness Frank Bona were clearly improper. The prosecutor knew well in advance of trial that Mr. Bona was in Florida and would be unavailable to testify at defendants' trial. A prosecutor should not assume the role of an unsworn witness, testifying to facts beyond the record and presenting his opinion as to why a potential witness did not appear in court to testify *(People v Bonaparte,* 98 AD2d 778). However, there was no timely objection to these comments and thus the matter has not been preserved for appellate review. The improper comments and the lack of good faith on the part of the prosecutor, standing alone, need not mandate an interest of justice reversal in the absence of showing that defendants suffered "undue prejudice" as a result of the prosecutor's conduct *(see, People v De Tore,* 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York,* 419 US 1025; *People v Holmes,* 124 AD2d 1001; *cf., People v Cruz,* 100 AD2d 882). From a review of this record, it is apparent that the prosecutor's comments relating to this missing witness did not cause undue prejudice to defendants and thereby deny them a fair trial. It cannot be said that Frank Bona was a key witness who was necessary to establish defendants' guilt when much, if not all, of what may have been offered, was

supplied by the competent observations of other witnesses and even to an extent, by defendant Broadus himself *(see, People v Wright,* 41 NY2d 172, 176). Moreover, the court supplied a detailed missing witness instruction advising the jury not to "speculate on any evidence which may have been presented by a witness who did not testify". These instructions minimized or negated the prejudice, if any, from the prosecutor's improper comments during his opening statement *(see, People v De Tore, supra,* at 207-208).

We have reviewed the other claims of error raised on appeal and find them to be without merit. (Appeal from judgment of Erie County Court, Forma, J.—sodomy, first degree, and other offenses.) Present—Dillon, P. J., Callahan, Doerr, Green and Lawton, JJ.