■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT GRANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered April 9, 1986, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the trial court's failure to give a minimal identification instruction (see, People v Whalen, 59 NY2d 273) warrants reversal of the criminal sale conviction under the circumstances of this case. The evidence supporting this conviction was overwhelming, and included the strong and unwavering identification testimony of a trained undercover police observer who had ample opportunity to view and study the defendant, the arrest of the defendant at the crime scene only minutes after the drug sale, the precise match between the defendant's appearance and the detailed description of the seller provided by the under-

cover officer, the discovery of the marked police "buy" money on the defendant's person, and the presence of several vials containing a controlled substance in extremely close proximity to the defendant at the time of his arrest. Moreover, no alibi evidence was presented, and the court's charge with respect to the presumption of innocence, the prosecution's unshifting burden of proof beyond a reasonable doubt, and the jury's duty to evaluate the credibility and accuracy of witnesses was extensive and in all respects proper. Hence, we conclude that any error which may have resulted from the absence of an identification charge was harmless under the facts of this case *(see, People v Smith,* 100 AD2d 857, *lv denied* 62 NY2d 810; *see generally, People v Reedy,* 126 AD2d 681; *People v McCorkle,* 119 AD2d 701, *lv denied* 67 NY2d 1054).

We similarly reject the defendant's contention that he was denied a fair trial by the court's use of a hypothetical example to explain the concept of constructive possession. While such illustrations should be avoided, the example employed herein was neither erroneous nor coercive *(see, e.g., People v Cullum,* 123 AD2d 397). Moreover, the entire charge on this concept adequately conveyed the proper definition and elements of constructive possession to the jury *(see generally, People v Woods,* 41 NY2d 279; *People v Richburg,* 109 AD2d 899). Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.