■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN BISHOP, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Goldstein, J.), both rendered July 9, 1986, convicting him of burglary in the second degree, upon a jury verdict, under indictment No. 7430/85, and robbery in the first degree, upon his plea of guilty, under indictment No. 470/86, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the trial court erred in failing to charge the jury on the issue of identification. The defendant made no requests to charge and, at the conclusion of the court's charge, the defendant did not take exception to the charge on that ground or ask for additional instructions even though the court solicited such requests and objections. Thus, he plainly failed to preserve the issue of law for appellate review *(see, People v McCorkle,* 119 AD2d 701, *lv denied* 67 NY2d 1054; *People v Monroig,* 111 AD2d 935, *lv denied* 66 NY2d 921). Nor is reversal on this ground warranted in the interest of justice. The evidence elicited at the trial did not present a close question of identification. Rather, the paramount issue was one of credibility. The court's charge addressed the jury's duty to evaluate the credibility of witnesses, the elements of the crime charged, and the prosecution's unshifting burden of proving the defendant's guilt beyond a reasonable doubt. Thus, any error which may have resulted from the absence of an identification charge was harmless *(see, People v Grant,* 132 AD2d 619, *lv denied* 70 NY2d 750).

We similarly reject the defendant's contention that he was denied a fair trial by a question posed to him by the prosecutor on cross-examination. The question referred to an alleged prior inconsistent statement of the defendant of which defense counsel had no notice. The court's prompt curative instructions and its direction to disregard the question served to correct any prejudice that may have resulted from the prosecutor's cross-examination.

Lastly, because the defendant has raised no claims to warrant reversal of his conviction under indictment No. 7430/85, the defendant's argument that his guilty plea under indictment No. 470/86 should be vacated must also fail *(cf., People v Fuggazzatto,* 62 NY2d 862, 863; *People v Crea,* 126 AD2d 556, 561).

We have considered the defendant's remaining contention and find it to be without merit. Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.