■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO PIERRE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 19, 1987, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence against the defendant was principally elicited from the complaining witness, a tenant in the building in

which the defendant was the superintendent. She testified that the defendant forcibly entered her room, brandished a gun and threatened to kill her.

On appeal, the defendant contends that the court erred in denying his application for a missing witness charge with respect to the People's failure to call another tenant of the building who was present in the complainant's room during the incident. We disagree.

A missing witness charge is appropriate where it is shown that "the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available to such party" *(People v Gonzalez,* 68 NY2d 424, 427). Here, the defendant failed to demonstrate that the testimony of the witness in question would be other than cumulative. Furthermore, the record contains no indication that the uncalled witness was favorable to or under the influence of the People, such that she could be described as within their " 'control' " *(People v Gonzalez, supra,* at 429).

In light of the foregoing, the court's denial of the defendant's request for a missing witness charge was proper. Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.