■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEDDY HOLLENQUIST, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered June 2, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the trial court's failure to give a minimal identification instruction *(see, People v Whalen,* 59 NY2d 273) warrants reversal of his conviction. The evidence supporting the conviction included the testimony of two trained undercover police officers, the fact that the defendant's clothes at the time of arrest (as shown in his arrest photograph) matched the detailed description of his clothes provided by one of the undercover officers, the fact that that undercover officer never lost sight of the defendant following the criminal transaction until his arrest, and the presence of a vial containing cocaine residue on the defendant's person at the time of his arrest. Moreover, no alibi evidence was presented *(cf., People v Klemm,* 124 AD2d 826). The court's charge with respect to the presumption of innocence, the prosecution's burden of proof beyond a reasonable doubt, and the jury's duty to evaluate the credibility and accuracy of the witnesses, including its instructions with respect to a prior inconsistent statement of one of the undercover officers, was in all respects proper. Therefore, any error was harmless under the facts of this case *(see, People v Grant,* 132 AD2d 619; *People v Smith,* 100 AD2d 857, *lv denied* 62 NY2d 810).

We have considered the defendant's remaining contention and find it to be without merit. Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.