■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE BOSTICK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered February 19, 1982, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We find unavailing the defendant's claim that the trial court erred in failing to give a missing witness charge regarding the prosecution's failure to call a confidential informant. It is well settled that the mere failure of a party to produce a witness at trial, standing alone, is insufficient to justify a missing witness charge. "Rather, it must be shown that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and the witness is available to [and in the control of] such party" *(People v Gonzalez,* 68 NY2d 424, 427; *People v Bartolomeo,* 126 AD2d

375, 392, *lv denied* 70 NY2d 702). In the instant case, it is clear from the record that the witness was unavailable and not in the control of the prosecution *(see, People v Morris,* 140 AD2d 551, *lv denied* 72 NY2d 922).

Finally, the closure of the courtroom during the testimony of the undercover officer was proper, since it was determined at a hearing that the undercover officer was still operating in the community and closure was necessary to protect his safety and the integrity of ongoing investigations *(see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911; *People v Gonzalez,* 135 AD2d 829). Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.