■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS A. RUSSELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered June 7, 1988, convicting him of robbery in the first degree, robbery in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's supplemental instruction relating to certain evidence adduced at trial was proper. The instruction was responsive to the jury's inquiry and properly indicated to the jury that it was solely within its province to resolve disputed factual issues *(cf., People v Bryson,* 118 AD2d 791). Furthermore, contrary to the defendant's contentions, we find no error in the trial court's instructions with respect to the concept of acting in concert *(see,* 1 CJI[NY] 20.10, at 777; *People v Shakur,* 144 AD2d 600) or in connection with the requisite intent *(see,* 1 CJI[NY] 9.31, at 502; *People v Mandrachio,* 79 AD2d 278). Reviewing the charge as a whole, the jury was properly instructed in the correct rules to apply in evaluating the evidence *(see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Hall,* 82 AD2d 838).

Further, the defendant claims that the trial court did not comply with his request for a charge instructing the jury that a police officer's testimony must be evaluated in the same manner as the testimony of any other witness. Although such a charge should generally be given *(see,* 1 CJI[NY] 7.08, at 277), under the circumstances in this case, it was not reversible error to fail to do so *(see, People v Brown,* 109 AD2d 746). In this regard, it should be noted that the testimony of one of the police officers was partially favorable to the defendant *(see, People v Brown, supra).*

We have considered the other contentions raised by the defendant and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.