mation No. W-764-87, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mangano, J. P., Bracken, Rubin, Kooper and Rosenblatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONA GRAVES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered March 24, 1988, convicting her of murder in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The People established through the testimony of the victim's father that the defendant, a passenger in an automobile, encouraged the driver to engage in conduct creating a grave risk of death to the victim. When the victim's father shouted that his daughter was underneath the car, the defendant told the driver: "Go, get out of here. Keep going. * * * Don't stop". Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We further find that it was not error for the court to allow into evidence testimony concerning a prior conversation between the victim's father and the driver of the automobile regarding the return of the victim's engagement ring and death threats which the driver had made against the victim. This testimony was background information necessary for the jury to understand the relationship between the driver and the victim. Furthermore, this testimony did not prejudice the defendant since the trial court repeatedly instructed the jury it had no relevance to the guilt or innocence of the defendant (see, People v Love, 92 AD2d 551).

The defendant claims that it was error for the trial court to fail to charge the jury on the issue of identification. However, the defendant did not request an instruction on identification and at the conclusion of the court's charge the defendant

failed to object or ask for additional instructions. Thus, her claim of error is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Bishop,* 144 AD2d 476) and review in the interest of justice is not warranted.

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.