■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD SANDERS, Appellant.—Judgment of the Supreme Court, New York County (Harold Rothwax, J., at trial and sentence), rendered on October 12, 1988, convicting defendant, after trial, of robbery in the second degree (Penal Law § 160.10) and attempted robbery in the second degree (Penal Law §§ 110.00, 160.10) and sentencing him to concurrent terms of imprisonment of 7½ to 15 years and 3½ to 7 years, respectively, unanimously affirmed.

We find that the trial court did not err by denying defendant's motion for a severance. The record reveals that defendant and codefendant, Charles Bryant, committed a gunpoint robbery of a couple on the street. On the eve of trial, after a *Sandoval* hearing was held, defendant moved for a severance on the ground that if he took the stand, his codefendant, who was not bound by the Sandoval ruling, could cross-examine him as to all his prior convictions. This inhibited him from testifying on his own behalf.

The granting of severance motions is within the discretion of the trial court. "Where proof against the defendants is supplied by the same evidence only the most cogent reasons warrant a severance". *(People v Bornholdt,* 33 NY2d 75, 87.) When defendants are tried jointly, the *Sandoval* ruling with respect to one does not limit the scope of cross-examination by

the other. *(People v McGee,* 68 NY2d 328, 333.) In such a situation severance is granted where the defense of one defendant prejudices the other. Defendant has failed to state sufficient facts to demonstrate how his position was antagonistic to his codefendant. *(See, People v Martin,* 154 AD2d 554.) Defendant's defense of alibi in no way implicated Bryant. In claiming not to have been present, defendant was denying all knowledge of who committed the crime. If the codefendant impeached defendant's alibi testimony it would only undermine his own defense theory of misidentification. Accordingly, defendant has failed to meet his burden of proving that the trial court abused its discretion. Concur—Murphy, P. J., Ross, Rosenberger, Asch and Rubin, JJ.