■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered August 9, 1989, convicting him of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, unauthorized use of a vehicle in the third degree, and petit larceny, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JOHNSON, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Fisher, J.), both rendered June 5, 1986, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marijuana under Indictment No. 4837/85, upon a jury verdict, and criminal sale of a controlled substance in the third degree under Indictment No. 7743/84, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We reject the defendant's contention that a new trial is warranted on the ground that the court failed to issue an adequate identification charge.

The evidence against the defendant was overwhelming. In addition to convincing identification testimony from the undercover officer, the People presented evidence that the defendant was arrested, only minutes after the sale, possessing the prerecorded money. A glassine envelope with the same distinctive markings as the one sold to the undercover officer was also found on the defendant. Thus, any error which may have

resulted from the absence of an identification charge was harmless under the facts of this case *(see, People v Bishop,* 144 AD2d 476; *People v Grant,* 132 AD2d 619). Kooper, J. P., Lawrence, Harwood and Miller, JJ., concur.