■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MURAD BEYAH, Appellant.—Judgment unanimously affirmed. Memorandum: The sworn allegations of fact submitted by defendant on his motion to dismiss the indictment were not "conceded by the people to be true" and were not "conclusively substantiated by unquestionable documentary proof" (CPL 210.45 [4] [c]). Thus County Court properly conducted a hearing to resolve questions of fact *(see,* CPL 210.45 [6]). Following the hearing, defendant's motion was denied. The record amply supports the court's findings that defendant was duly notified of the prospective Grand Jury proceeding, that he was accorded a reasonable time to exercise his right to appear as a witness at the Grand Jury, and that he declined to do so *(see,* CPL 190.50 [5] [a]).

The court did not err in acceding to defendant's persistent demand that he be permitted to proceed *pro se.* The colloquy on the record between the Judge and defendant demonstrates without question that defendant appreciated and understood "the 'dangers and disadvantages' of giving up the fundamental right to counsel" *(People v Sawyer,* 57 NY2d 12, 21, *cert denied* 459 US 1178; *People v White,* 56 NY2d 110, 117). The

thorough and searching inquiry conducted by the court left no doubt that defendant's waiver of his right to counsel was "made competently, intelligently and voluntarily" *(People v McIntyre,* 36 NY2d 10, 17; *cf., People v Kaltenbach,* 60 NY2d 797, 798-799). Moreover, the court acted properly in appointing standby counsel to protect the defendant *(see, People v Sawyer, supra,* at 22).

The court did not abuse its discretion in permitting the People to introduce photographs of the victim's body. The photographs, which clarify the medical expert's testimony regarding the victim's injuries, are probative of defendant's intent, which is an essential element of the attempted murder charge *(see, People v Stevens,* 76 NY2d 833, 836; *People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905).

Although the prosecutor's summation contained an improper reference to stricken testimony, the comment did not cause undue prejudice to defendant and was not so egregious as to deny him a fair trial *(see, People v Broadus,* 129 AD2d 997, *lv denied* 70 NY2d 643).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Rape, 1st Degree.) Present—Dillon, P. J., Callahan, Denman, Boomer and Lowery, JJ.