■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN GARCIA, Also Known as JOHN URENA, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered January 14, 1988, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the propriety of the trial court's intent charge is unpreserved for appellate review *(see,* CPL 470.05 [2]; *see also, People v Autry,* 75 NY2d 836). In any event, the charge as a whole properly conveyed the ultimate burden of proof to the jury, and correctly instructed them with regard to the rules to be applied in evaluating the evidence *(see, People v Ludwigsen,* 159 AD2d 591; *People v Russell,* 155 AD2d 699; *see also, People v Johnston,* 166 AD2d 667).

We further reject the defendant's contention that the court erred in denying his request to charge that the individual who allegedly purchased heroin from him was a missing witness. It is well settled that the mere failure of a party to produce a witness at trial, standing alone, is insufficient to justify a missing witness charge *(see, People v Gonzalez,* 68 NY2d 424). "Rather, it must be shown that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available to such party" *(People v Gonzalez, supra,* at 427). At bar, however, the record reveals that the uncalled witness was

neither available to the People nor under their control *(see, People v Cuffie,* 163 AD2d 485; *People v Goddard,* 150 AD2d 794; *People v Bostick,* 150 AD2d 707; *People v Pierre,* 149 AD2d 740). Accordingly, the court properly declined the defendant's request for a missing witness charge.

The defendant additionally contends that he was deprived of a fair trial because of certain comments made by the prosecutor during summation. However, since the defendant failed to object to most of the challenged comments, his claims of error with respect thereto are largely unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Moley,* 168 AD2d 462). Those alleged errors which were properly preserved for appellate review do not warrant reversal *(see, People v Galloway,* 54 NY2d 396). Sullivan, J. P., Eiber, Miller and Ritter, JJ., concur.