■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RIZZO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered May 3, 1989, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was apprehended as he fled down a Brooklyn street, carrying a videocassette recorder under one arm and a radio under the other arm. These items were later identified as the fruits of a burglary of a nearby apartment. The defendant subsequently waived his *Miranda* rights and admitted the burglary. He now argues that he was prejudiced by the prosecutor's opening statement, which referred to a witness who never testified at trial, and because the court denied his request for a missing witness charge. Additionally, the defendant contends that the court improperly used hypothetical examples in its instructions to the jury which served to confuse the jury and prejudice him.

The defendant has failed to preserve for appellate review the claim that he was denied his Sixth Amendment right to confrontation, inasmuch he did not object to the prosecutor's opening statement nor did he move for a mistrial on this specific ground (*see,* CPL 470.05 [2]; *People v De Tore,* 34 NY2d 199, 208, *cert denied sub nom. Wedra v New York,* 419 US 1025), and we decline to reach the issue in the exercise of our interest of justice jurisdiction. The general rule when the prosecutor is unable to produce all the evidence promised in his opening statement is that, "absent bad faith or undue prejudice, a trial will not be undone" (*People v De Tore, supra,* at 207; *see, People v Edwards,* 145 AD2d 503; *People v Reid,* 135 AD2d 753, 754; *People v Holmes,* 124 AD2d 1001, 1002; *People v Smith,* 121 AD2d 754, 755; *People v Morales,* 113 AD2d 956; *De Vito v Katsch,* 157 AD2d 413, 419-420). Here, there was no evidence of bad faith on the part of the People and, in light of the overwhelming evidence of the defendant's guilt, we conclude that there was no significant probability that the jury would have acquitted the defendant had it not heard the remark and therefore, the defendant did not suffer undue prejudice.

We further reject the defendant's contention that the court improperly denied his request for a missing witness charge. It is well settled that the mere failure of the People to produce a witness at trial, standing alone, is insufficient to justify a missing witness charge (*see, People v Gonzalez,* 68 NY2d 424; *People v Garcia,* 172 AD2d 770). "Rather, it must be shown that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available to such party" (*People v Gonzalez,*

*supra,* at 427). At bar, however, the record reveals that the uncalled witness, Tai, was neither "available" to the People nor under the People's "control" *(see, People v Garcia, supra; People v Goddard,* 150 AD2d 794, 796; *People v Bostick,* 150 AD2d 707, 708; *People v Pierre,* 149 AD2d 740, 741). Accordingly, the court properly declined the defendant's request for a missing witness charge.

Finally, although the use of hypothetical examples during the court's charge should be avoided, we cannot conclude that there is no evidence that the hypotheticals, as given, were either coercive or diversionary *(see, United States v Cassino,* 467 F2d 610, *cert denied* 410 US 928; *People v Hodge,* 141 AD2d 843, 846; *People v Grant,* 132 AD2d 619, 620; *People v Cullum,* 123 AD2d 397, 398). Kunzeman, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.