■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHSAAN THOMAS, Appellant.

The defendant was convicted of assault in the first degree and criminal possession of a weapon in the third degree in connection with the shooting of a student during a melee on the campus of the State University of New York at Old Westbury. The defendant's only defense was that he acted in self-defense. The defendant's contention on appeal is that the hypothetical example given in the court's supplemental charge improperly created the impression that the defendant's acts could be deemed justified only if the victim was actually armed, as opposed to the defendant reasonably believing that the victim was armed. A review of the entire justification charge reveals that the charge was both adequate and proper. Although the use of hypothetical examples during a court's charge should be avoided, there is no evidence that the hypothetical given in this case was either coercive or unduly confusing *(see, United States v Cassino,* 467 F2d 610, *cert denied* 410 US 928; *People v Hodge,* 141 AD2d 843, 846; *People v Grant,* 132 AD2d 619; *People v Cullum,* 123 AD2d 397, 398). The justification charge, when read as a whole, adequately conveyed the proper definitions and elements of the justification defense. The charge could not have led the jury to believe that the court had a particular opinion, or in any way have confused the jurors' perception of the correct legal standards to be applied *(see,* Penal Law § 35.15; 1 CJI[NY] 35.15 [2] [a], at 867; *People v Wesley,* 76 NY2d 555; *People v Goetz,* 68 NY2d 96; *People v Thomas,* 150 AD2d 405).

We find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.