■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELBA PADILLA, Appellant.—Judgment unanimously affirmed. Memorandum: Following a nonjury trial, defendant was found guilty of criminal sale and criminal possession of a controlled substance in the first degree arising out of her participation in the sale of cocaine to an undercover officer. Viewing the evidence, as we must, in a manner most favorable to the People *(see, People v Thompson,* 72 NY2d 410, 413, *rearg denied* 73 NY2d 870; *People v Ford,* 66 NY2d 428, 437), we conclude that the verdict was supported by legally sufficient evidence and was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). The record belies defendant's contention that she was merely present at her boyfriend's home, and did not actively participate, when codefendants Ruiz and Colon sold drugs to the undercover officer.

County Court did not err in denying defendant's motion to sever. An application for severance is addressed to the discretion of the trial court *(People v Cardwell,* 78 NY2d 996, 997; *People v Cruz,* 66 NY2d 61, 69, *revd on other grounds and remanded* 481 US 186, *on remand* 70 NY2d 733). Where proof against the defendants is supplied by the same evidence, only

the most cogent reasons warrant a severance *(People v Born-holdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905; *People v Sanders,* 162 AD2d 327, *lv denied* 76 NY2d 944). In the instant case the defenses of defendant and codefendant were not in irreconcilable conflict *(see, People v Mahboubian,* 74 NY2d 174). Furthermore, because this was a bench trial, there was no danger of significant prejudice to defendant.

We have reviewed the other issues raised on appeal and we find that they are without merit. The trial court properly concluded that its *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) did not limit the scope of cross-examination of that defendant by the other *(People v McGee,* 68 NY2d 328, 333; *People v Sanders, supra).* (Appeal from Judgment of Monroe County Court, Maloy, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Callahan, J. P., Boomer, Balio, Davis and Doerr, JJ.