■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONDELL BUDD, Appellant. [604 NYS2d 423] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that County Court erred in denying his motion for a severance and ordering a joint trial with codefendant. Where proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance (People v Bornholdt, 33 NY2d 75, 87, cert denied sub nom. Victory v New York, 416 US 905; People v Padilla, 181 AD2d 1051, lv denied 79 NY2d 1052). Although the motion to sever was premised on a claim that the defenses were antagonistic, upon our review of the record, we do not find the "core" of each

defense to be in irreconcilable conflict *(People v Mahboubian,* 74 NY2d 174, 184; *see, People v Hill,* 190 AD2d 990, *lv denied* 81 NY2d 1014; *People v Padilla, supra).* Furthermore, as a result of a *Sandoval* compromise, the codefendant agreed that his defense would not be antagonistic and withdrew his severance motion. The codefendant's statement at trial that "Rondell was in jail at the time", was non-responsive to the question asked and the court promptly instructed the jury to disregard it. Thus, the court mitigated any prejudice that might have resulted from codefendant's reference to defendant's previous incarceration. (Appeal from Judgment of Monroe County Court, Wisner, J.—Rape, 1st Degree.) Present—Callahan, J. P., Pine, Balio, Doerr and Boomer, JJ.