■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL PADGETT, Appellant. [609 NYS2d 626] —Appeal by the defendant from a judgment of the Supreme Court, Queens

County (Rotker, J.), rendered June 5, 1991, convicting him of reckless endangerment in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant fired two shots from a pump-action rifle at two police officers who were investigating a report of a man with a gun. Viewing the evidence adduced at the trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We find that the court's charge on identification was sufficient (see, People v Whalen, 59 NY2d 273, 279; People v James, 170 AD2d 694; People v Bishop, 144 AD2d 476; People v Grant, 132 AD2d 619). The court also properly denied the defendant's request for a jury charge concerning justification (see, People v Goetz, 68 NY2d 96; People v Padgett, 60 NY2d 142; People v Jeffries, 166 AD2d 665).

The court permissibly sentenced the defendant to consecutive terms of imprisonment because the two shots he fired were not a "single act" (Penal Law § 70.25 [2]; see, People v Day, 73 NY2d 208; People v Braithwaite, 63 NY2d 839; People v Gilliam, 112 AD2d 475).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Santucci, Krausman and Florio, JJ., concur.