■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE RICHARDSON, Appellant. [622 NYS2d 966] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered April 20, 1992, convicting him of murder in the second degree, attempted murder in the second degree (two counts), robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's motion to suppress the eyewitness's identification of him. The record reveals that the witness's station-house viewing of the defendant was accidental, unarranged, not attributable to any misconduct on the part of the police, and not unduly suggestive *(see, People v Magee,* 192 AD2d 559, 560; *People v Griffin,* 190 AD2d 687). In addition, because the viewing was mere happenstance, and not the result of a prearranged police identification procedure, it was not subject to the notice requirement of CPL 710.30 *(see, People v Overton,* 192 AD2d 624).

The defendant's contention that the trial court's use of a hypothetical example during its supplemental charge to the jury deprived him of a fair trial is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Somers,* 78 NY2d 1058). In any event, although the use of hypothetical examples during the court's charge should be avoided, there is no evidence that the hypothetical example in this case was either coercive or diversionary *(see, People v Thomas,* 179 AD2d 793, 794; *People v Rizzo,* 175 AD2d 221, 223).

The defendant's remaining contentions are without merit. O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur.