█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRESE GREEN, Appellant. [639 NYS2d 761] █ Memorandum: Defendant was convicted, following a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree. We conclude that there is sufficient evidence to convict defendant of those crimes, either as a principal or an accomplice (*see*, Penal Law § 20.00; *People v Rivera*, 84 NY2d 766, 771), and that Supreme Court's instruction to the jury did not deprive defendant of his right to be convicted by a unanimous verdict.

The court's denial of defendant's motion for a severance did not deprive defendant of a fair trial. An application for a severance is addressed to the sound discretion of the court (*see, People v Cardwell*, 78 NY2d 996, 997; *People v Padilla*, 181 AD2d 1051, *lv denied* 79 NY2d 1052). "Where proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance" (*People v Bornholdt*, 33 NY2d 75, 87, *cert denied sub nom. Victory v New York*, 416 US 905). We agree with defendant that the oral statements made by codefendant Hill to the police at the time of his arrest, in an attempt to exculpate himself, clearly referred to other participants in the crime, and that admission of those statements at a joint trial may have been prejudicial to defendant because they implied that defendant was involved in the murder (*see, People v Wheeler*, 62 NY2d 867, 869). Considering the quantum and the nature of the evidence against defendant if the error is excised and the causal effect the error may nevertheless have had on the jury, we conclude that the admission of those statements of the non-testifying codefendant was harmless beyond a reasonable doubt (*see, People v Hamlin*, 71 NY2d 750, 756, 758-759; *People v Shelton*, 209 AD2d 963, *lv denied* 85 NY2d 980). Thus, any error in denying defendant's motion to sever was harmless beyond a reasonable doubt.

The court did not err in denying defendant's request to charge the jury that Nyree Zelenka was an accomplice as a matter of law. Because there was conflicting testimony whether Zelenka was an accomplice, that issue was properly submitted to the jury as one of fact (*see, People v Basch*, 36 NY2d 154, 157; *People v Hill*, 225 AD2d 1076 [decided herewith]).

We have reviewed the other contentions raised by defendant on appeal and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.— Murder, 2nd Degree.) Present—Pine, J. P., Wesley, Callahan, Davis and Boehm, JJ.