■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL WILLIAMS, Appellant. [640 NYS2d 25]

We exercise our discretion to review here, notwithstanding defendant's failure to preserve his claims by timely objection at trial, because the court's response to the jury note requesting a clearer definition of "force" was so misleading and prejudicial as to deprive defendant of a fair trial (*People v McCullough*, 73 AD2d 310, 319; *People v Branch*, 54 AD2d 90, 93). While a trial court is permitted to use hypotheticals to aid the jury's understanding of the matter before them, the hypothetical must be fair and must not reflect the court's opinion as to how the issues should be resolved (see, *People v Bell*, 38 NY2d 116). The court's response was prejudicial in that the hypothetical posed was strikingly similar to the case before the jury, possibly indicating the Judge's belief in the defendant's guilt and impinging on the jury's province as fact finder (see, *People v Hommel*, 41 NY2d 427). It was also misleading in that the definition provided was not entirely correct, case law having held that, under some circumstances, snatching a purse or grabbing the victim's clothes may not sufficiently establish the requisite element of force (see, *People v Middleton*, 212 AD2d 809; *People v Flynn*, 123 Misc 2d 1021).

We have considered the remainder of defendant's claims and find them to be without merit. Concur—Wallach, J. P., Nardelli, Williams and Mazzarelli, JJ.