■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WILLIAMS, Appellant. [652 NYS2d 447] —Judgment unani-

mously affirmed. Memorandum: Defendant contends that he was denied a fair trial because Supreme Court used hypothetical examples during its instructions to the jury. We disagree. A court is not precluded from using hypothetical examples in its instructions to aid the jury in understanding the applicable law (*see, People v Jones*, 216 AD2d 324; *People v Wise*, 204 AD2d 133, 134-135, *lv denied* 83 NY2d 973). Hypothetical examples must, however, be fair and unbiased and not indicate to the jury that the court has an opinion concerning the guilt or innocence of the defendant (*see, People v Hommel*, 41 NY2d 427; *People v Williams*, 225 AD2d 447). Furthermore, hypothetical examples must not present factual patterns that are strikingly similar to the facts of the case at bar (*see, People v Hommel, supra*, at 429-430) or be coercive or diversionary (*see, People v Richardson*, 212 AD2d 743, *lv denied* 85 NY2d 942; *People v Rizzo*, 175 AD2d 221, 223, *lv denied* 78 NY2d 973, 79 NY2d 923). The court's hypothetical examples in this case were not improper (*see, People v Richardson, supra; People v Thomas*, 179 AD2d 793, 794, *lv denied* 79 NY2d 1008; *People v Rizzo, supra; cf., People v Williams, supra*).

We also conclude that the court did not abuse its discretion in denying defendant's severance motion. The record fails to establish that the defenses of defendant and codefendant were in irreconcilable conflict (*see, People v Mahboubian*, 74 NY2d 174, 184; *People v Budd*, 198 AD2d 854, *lv denied* 83 NY2d 849; *People v Allaway*, 172 AD2d 617, *lv denied* 78 NY2d 1009).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Lawton, Callahan, Balio and Boehm, JJ.