THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TODD COOK, Appellant. [713 NYS2d 586] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [1]). Supreme

Court did not err in discharging a sworn juror over defendant's objection. The juror indicated that he did not want to continue serving as a juror for financial reasons. The court conducted a thorough and searching inquiry regarding whether the juror could nevertheless remain impartial (*see, People v Buford,* 69 NY2d 290, 299). The court properly found that the juror was "grossly unqualified" to continue serving as a juror (CPL 270.35 [1]) because the juror stated numerous times that his mind was not on the case because of his financial difficulties, and he candidly admitted that he did not believe it would be fair to defendant if he were to remain as a juror (*see, People v Huntley,* 237 AD2d 533, 534, *lv denied* 90 NY2d 894; *People v Bolden,* 197 AD2d 528, 529, *lv denied* 82 NY2d 922). The court also did not err in denying defendant's request to remove another sworn juror who knew the sister of one of the victims. That juror indicated that he was a mere acquaintance of the woman and could remain impartial (*see, People v Klavoon,* 207 AD2d 979, 979-980, *lv denied* 84 NY2d 908; *People v Larrabee,* 201 AD2d 924, 924-925, *lv denied* 83 NY2d 855; *People v Brantley,* 168 AD2d 949, *lv denied* 77 NY2d 904).

Defendant contends that the court's charge to the jury, which included a hypothetical example involving issues of credibility, was improper because it presented a factual pattern similar to the facts in this case and possibly indicated that the Trial Justice believed that defendant was guilty (*see, People v Williams,* 225 AD2d 447; *see generally, People v Hommel,* 41 NY2d 427, 429-430; *People v Williams,* 234 AD2d 912, 913, *lv denied* 89 NY2d 1042). We disagree. The court's hypothetical example was proper (*see, People v Williams, supra,* 234 AD2d, at 913). Finally, in view of the heinous nature of the offense, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.— Murder, 2nd Degree.) Present—Green, J. P., Pine, Hayes, Hurlbutt and Kehoe, JJ.