■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CARDENA, Appellant. [742 NYS2d 3] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered September 13, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of from 5 to 10 years and one year, respectively, unanimously affirmed.

Defendant's conviction of criminal sale of a controlled substance in the third degree was supported by legally sufficient evidence and the verdict was not against the weight of the evidence. The undercover officer, who had extensive experience in narcotics operations and ample opportunity to observe defendant during the drug transaction which took over 25 minutes to complete, unequivocally identified defendant as the seller. Issues of credibility and identification, including the

weight to be given to inconsistencies in the undercover officer's testimony, were properly considered by the jury and there is no basis upon which to disturb its determinations (*see, People v Gaimari,* 176 NY 84, 94).

The People made a sufficient showing to warrant closure of the courtroom to the public, except for defendant's family members, during the testimony of the undercover officers (*see, People v Ramos,* 90 NY2d 490, *cert denied sub nom. Ayala v New York,* 522 US 1002). The officers were still actively engaged in ongoing undercover operations in the specific area of the instant arrest, had received threats from suspects and/or drug dealers, and took precautions to safeguard their identity and to avoid detection while in the courthouse. Contrary to defendant's argument, this showing was appropriately particularized. Concur—Mazzarelli, J.P., Saxe, Rosenberger, Ellerin and Marlow, JJ.