■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BASKERVILLE, Appellant. [763 NYS2d 468] —Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered April 19, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, and order, same court and Justice, entered on or about April 2, 2002, which denied defendant's motion to vacate his conviction pursuant to CPL 440.10, unanimously affirmed.

The totality of the record establishes that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Trial counsel followed a reasonable strategy and the decisions of counsel that defendant challenges as deficient did not prejudice his defense or deprive him of a fair trial (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]). Furthermore, defendant has not established that he was entitled to a severance from his codefendant (*see People v Mahboubian*, 74 NY2d 174, 184 [1989]; *People v Sanders*, 162 AD2d 327 [1990], *lv denied* 76 NY2d 944 [1990]), and counsel's failure to make a timely severance motion did not cause him any prejudice.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). Issues of credibility and identification were properly considered by the jury and there is no basis for disturbing its determinations.

Defendant's challenge to background testimony about the roles of various participants in a street-level drug operation is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that this brief and limited testimony was properly admitted to explain the absence of prerecorded buy money on defendant's person and for its relevance to the issue of accessorial liability (*People v Brown*, 97 NY2d 500, 506-507 [2002]).

We perceive no basis for reducing the sentence. Concur— Nardelli, J.P., Tom, Andrias, Sullivan and Friedman, JJ.