■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FRAZIER, Appellant. [765 NYS2d 495] —Judgment, Supreme Court, New York County (Lewis Stone, J.), rendered January 16, 2001, convicting defendant, after a jury trial, of robbery in the second degree and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, unanimously affirmed.

Defendant's various severance motions were properly denied, and he was not deprived of his right to testify. The defenses of defendant and the codefendant were not irreconcilable (*see People v Mahboubian*, 74 NY2d 174, 184 [1989]), and we note that defendant did not renew his severance motion following the codefendant's testimony. Similarly, defendant did not establish his entitlement to severance on the ground that, had he testified, he would have been subjected to prejudicial cross-examination by the codefendant (*see People v Sanders*, 162 AD2d 327 [1990], *lv denied* 76 NY2d 944 [1990]; *see also People v Roman*, 303 AD2d 176 [2003], *lv denied* 100 NY2d 565 [2003]; *compare People v McGee*, 68 NY2d 328, 333-334 [1986]). At no stage of the proceedings has defendant established that his potential testimony would have given the codefendant an incentive to impeach his credibility.

Defendant was not deprived of a fair trial or of his right to testify in his own defense by the court's refusal to provide an advance ruling delineating what would "open the door" to permit the People to impeach him with previously suppressed

evidence (*see People v Ardito*, 231 AD2d 116 [1997], *lv denied* 91 NY2d 923 [1998]).

Although in a supplemental instruction to the deliberating jury, the court referred to the trial as a search for the truth, that instruction, taken as a whole and in the context of the court's main charge, properly explained the People's burden of proving defendant's guilt beyond a reasonable doubt (*see People v Slacks*, 90 NY2d 850 [1997]).

In this case involving the robbery of an undercover officer who had been attempting to purchase drugs, the People made a sufficient showing to warrant closure of the courtroom to the public during the testimony of one of the undercover officers (*see People v Ramos*, 90 NY2d 490 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]; *People v Cardena*, 293 AD2d 355 [2002], *lv denied* 98 NY2d 673 [2002]).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims. Concur—Saxe, J.P., Sullivan, Williams, Lerner and Friedman, JJ.