■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERVIN KATO, Appellant. [808 NYS2d 154]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered September 25, 2003, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly exercised its discretion when it declined to provide defendant with an advance ruling delineating precisely what testimony would open the door to the admission of otherwise precluded uncharged crime evidence as a *Molineux* exception (*see People v Frazier*, 309 AD2d 534 [2003], *lv denied* 1 NY3d 571 [2003], *see also People v Ardito*, 231 AD2d 116 [1997], *lv denied* 91 NY2d 923 [1998]), or to its use, for a more limited purpose, as an impeachment device in the cross-examination of defendant (*see People v Sandoval*, 34 NY2d 371 [1974]). The court properly concluded that it would be premature to make such a ruling solely on the basis of counsel's general outline of defendant's proposed testimony, without hearing the details. To the extent that defendant is raising a constitu-

tional claim, such claim is unpreserved and we decline to reach it in the interest of justice. Were we to reach the claim, we would reject it. Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and McGuire, JJ.