■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICAIAH ALLEN, Appellant. [816 NYS2d 655]—

Appeal from a judgment of the Supreme Court, Erie County (Richard C. Kloch, Sr., A.J.), rendered July 17, 2003. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]). We reject the contention of defendant that Supreme Court erred in refusing to suppress the pretrial identification of him by an eyewitness. The record supports the court's conclusion that the station house viewing of defendant near an elevator by the eyewitness "was accidental, unarranged, not attributable to any misconduct on the part of the police, and not unduly suggestive" (*People v Richardson*, 212 AD2d 743, 743 [1995], *lv denied* 85 NY2d 942 [1995]; *see People v Strudwick*, 170 AD2d 969, 970 [1991], *lv denied* 77 NY2d 1001 [1991]). Defendant further contends that the verdict is against the weight of the evidence based on inconsistencies in the testimony of that eyewitness. We reject defendant's contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The shooting was witnessed by four other individuals and, although they were unable to identify defendant, they each testified that they observed the shooter leave the parking lot in a white van following the shooting. The police pursued that white van until defendant left the van and fled on foot. It is undisputed that defendant was the only person in the van, and thus the jury did not fail to give the evidence the weight it should be accorded (*see generally id.*).

Also contrary to the contention of defendant, the court properly denied his request for discovery with respect to the alleged criminal history of the eyewitness who identified him. There is no indication that she had been convicted of any crime or that any criminal action was pending against her and thus it cannot be said that the prosecutor had knowledge of any such conviction or pending criminal action (*see* CPL 240.45 [1] [b], [c]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Kehoe, J.P., Gorski, Martoche, Pine and Hayes, JJ.