People v Hilton (2018 NY Slip Op 08188)





People v Hilton


2018 NY Slip Op 08188


Decided on November 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 29, 2018

Richter, J.P., Manzanet-Daniels, Gische, Kapnick, Gesmer, JJ.


7750 2612/16

[*1]The People of the State of New York, Respondent,
v
Matthew Hilton, Defendant-Appellant.


Feldman and Feldman, Uniondale (Steven A. Feldman of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J. at consolidation motion; Abraham Clott, J. at severance motion, jury trial and sentencing), rendered May 5, 2017, convicting defendant of robbery in the second degree, and sentencing him, as a second felony offender, to a term of nine years, unanimously affirmed.
Defendant was not deprived of a fair trial by the fact that he was tried jointly with a codefendant. In opposing consolidation and moving for severance, the two defendants repeatedly changed their explanations of what their defenses would be, and never set these defenses forth with sufficient specificity. In any event, at no point did they offer defenses that would be in such irreconcilable conflict as to create "a significant danger ... that the conflict alone would lead the jury to infer defendant's guilt" (People v Mahboubian, 74 NY2d 174, 183-184 [1989]), or cause either defendant to act as a "second prosecutor" against the other (People v Cardwell, 78 NY2d 996, 998 [1991]).
Furthermore, defendant has not shown that the joint trial deprived him of his right to testify. Defendant claims he chose not to testify due to fear that the codefendant would be permitted to conduct an unlimited cross-examination of defendant about his prior convictions. However, there was no showing that the codefendant would have had any reason to impeach defendant's credibility (see People v Frazier, 309 AD2d 534 [1st Dept 2003], lv denied 1 NY3d 571 [2003]).
In any event, the defenses ultimately presented at trial by the two defendants were not in irreconcilable conflict. The record, including the cross-examinations and summations presented by the respective attorneys, fails to support defendant's assertion that each defendant accused the other of committing the robbery. To the extent there was any conflict, it is unlikely that the existence of the conflict would have contributed to the verdict, given the strong evidence of guilt provided by the victim and the arresting officers (see Mahboubian, 74 NY2d at 186).
The trial court providently exercised its discretion in precluding defendant from questioning the arresting officer on whether the officer had certain exculpatory "information." The question was plainly aimed at eliciting hearsay, consisting of defendant's own statement, and defendant did not establish any valid theory of admissibility (see People v Hubrecht, 2 AD3d 289, 289 [1st Dept 2003], lv denied 2 NY3d 741 [2004]).
Defendant did not preserve his claim that this ruling deprived him of his constitutional right to cross-examine witnesses and present a defense (see People v Lane, 7 NY3d 888, 889 [2006]), as well as his claim, raised at trial only by the codefendant (see People v Buckley, 75 NY2d 843, 846 [1990]), that the victim's entire testimony should have been stricken because he invoked the Fifth Amendment when asked about an immigration matter, and his claim that his [*2]sentence was unconstitutionally imposed, and we decline to review these claims in the interest of justice. As an alternative holding, we reject each of them on the merits.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 29, 2018
CLERK